Frederick A. **WEBSTER**, Plaintiff-Appellant,

v.

**SEA DRILLING CORPORATION,** Defendant-Appellee,

v.

**BOATEL, INC.,** Defendant-Impleader-Appellee.

No. 26574

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

May 22, 1969.

---

Harold J. Lamy, Wilfred H. Boudreaux, Jr., Dodd, Hirsch, Barker & Meunier, New Orleans, La., for Frederick A. Webster.

George B. Matthews, Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for Sea Drilling Corp.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for Boatel Inc.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir.1969, 409 F.2d 804, Part I.

The appellant, Webster, brought this diversity suit in the court below to recover for injuries he sustained while working on an oil drilling rig located in the Gulf of Mexico off the Louisiana coast. The action was originally based on unseaworthiness and negligence but the unseaworthiness issue was withdrawn by the plaintiff at the conclusion of the evidence. The jury found the defendant-appellee free of negligence and judgment was entered in accordance with the verdict.

Webster was employed by Boatel, Inc., as a roustabout and crewman on Sea Drill Tender No. 7, a vessel which was secured to the drilling rig. Sea Drilling Corporation had its own drilling crew and Boatel, pursuant to an agreement between the companies, furnished the roustabout gang. The tender vessel served as quarters for the roustabouts and the sea drilling employees, and much of the equipment used in the drilling operations was stored aboard the vessel.

Webster was injured while helping employees of Sea Drilling transfer pipe from the drilling platform of the oil rig to a storage rack on the deck of the tender vessel. The Sea Drilling employees, using an air hoist, were lowering sections of pipe from the oil rig's drilling platform to another platform approximately 25' beneath the drilling platform. Webster was working on this lower platform, attaching slings and cables to the pipe so that it could be lowered onto a ramp leading to the storage rack on the deck of the tender vessel. An eyewitness testified that as three sections of pipe were being transferred from the upper platform to the lower, the chain sling on the end of the hoist line slipped and the pipe fell to the lower platform. Webster was struck by a section of the falling pipe.

Two points are raised on this appeal: First, that the trial court's charge on "unavoidable accident" was improper and prejudicial to the appellant, and second, that the jury's verdict is without support in the evidence. We find merit in neither contention and affirm.

The appellant contends that in the trial court's instructions the refer-

ence to "unavoidable accident" was improper because the appellee never raised "unavoidable accident" as an affirmative defense. He also suggests that the "unavoidable accident" instruction had a prejudicial effect upon the minds of the jurors and their understanding of the primary issue of negligence and proximate cause. Once again, we point out that the charge must be viewed as a whole, in connection with the contentions aired by the parties in the court below, and from the standpoint of the jury. If the charge in general correctly instructs, even though a portion is technically imperfect, no harmful error is committed. Grey v. First National Bank in Dallas, 5 Cir.1968, 393 F.2d 371; Garrett v. Campbell, 5 Cir.1966, 360 F.2d 382.

█ A perusal of the entire charge shows that the trial court gave a thorough and detailed definition of negligence. The charge made only incidental reference to "unavoidable accident", which the court defined as an unforeseen occurrence not proximately caused by negligence. Viewing the charge in its entirety, we conclude that the law involved was correctly stated and that reference to "unavoidable accident" was neither misleading nor prejudicial.

Appellant's assertion that the trial court should have entered judgment for appellant notwithstanding the jury's verdict, is governed by the recent en banc decision of this Court in Boeing Company v. Shipman, 5 Cir.1969, 411 F. 2d 365. The Boeing holding (p. 19 of slip opinion) is as follows:

> "On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the nonmover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n.o.v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses."

█ The evidence here met the Boeing standard. The case was properly submitted to the jury and its resolution of the conflicting inferences which could be drawn from the evidence will not be disturbed by this Court on appeal.

We do not need to reach or consider the question of whether Sea Drilling Corporation should be indemnified by Boatel.

Affirmed.