**Lena Sias BOLDEN, Plaintiff-Appellant,**

v.

**KANSAS CITY SOUTHERN RAILWAY COMPANY et al., Defendants-Appellees.**

No. 71–3575.

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1972.

---

---

Chris J. Roy, Alexandria, La., for plaintiff-appellant.

Charles B. Peatross, Shreveport, La., Wilkinson, Woods, Carmody & Peatross, Shreveport, La., for defendants-appellees.

Before DYER, Circuit Judge, SKELTON, Judge, U.S. Court of Claims,* and INGRAHAM, Circuit Judge.

PER CURIAM:

A northbound train and westbound car collided at the perpendicular intersection of Louisiana Highway 158 and the main line tracks of the Louisiana and Arkansas Railway Company. At the time of the accident Lena Sias Bolden was a passenger in the automobile driven by her employer, James E. Jordan. Mrs. Bolden sustained serious injuries. Her employer being unavailable for service of process, Kansas City Southern Railway, operator of the train, took the full brunt of her attempts for monetary redress.

Jurisdiction in the federal court was based on diversity of citizenship. After a trial to a six-man jury a verdict was returned in favor of the railroad and Mrs. Bolden appealed.

The basis asserted for appeal was the delivery and refusal of certain jury instructions, including last clear chance, unavoidable accident, surrender of the right of way, and the plaintiff's theory of a trap. The principles applicable to this appeal are well established. This court has consistently held:

"In considering the adequacy of the trial court's instructions to the jury, 'we must consider the charge as a whole, in connection with the contentions made by the parties in the trial court, and from the standpoint of the jury. If the charge in general correctly instructs, then even though a portion is technically imperfect, no harmful error is committed.' Troutman v. Southern Ry. Co., 5 Cir. 1971, 441 F.2d 586, 590; Webster v. Sea Drilling Corp., 5 Cir. 1969, 411 F.2d 411, 413; Grey v. First National Bank, 5 Cir. 1968, 393 F.2d 371, 387. 'Our scrutiny of the district court's instructions must be orbitary and universal, not narrow and monocular.' McDaniel v. Slade, 5 Cir. 1968, 404 F.2d 607, 609, and cases cited." Kyzar v. Vale Do Ri Doce Navegacai S.A., 464 F.2d 285 (5th Cir. 1972).

It has also been consistently held that an instruction based on an incorrect application of the law to the facts of the case is error. Grice, et al. v. J. Ray McDermott & Co., Inc., 465 F.2d 486 (5th Cir., 1972). A refusal to give a properly requested instruction supported by the pleadings and the evidence is also error. Paramount Film Distrib. Corp. v. Applebaum, 217 F.2d 101 (5th Cir., 1954). It is not error, however, for the court to refuse the precise wording of a requested instruction if its substance has been adequately covered by the court's charge to the jury. Nowell v. Dick, 413 F.2d 1204 (5th Cir., 1969); McGuire v. Davis, 437 F.2d 570 (5th Cir., 1971). See generally, Wright & Miller, Federal Practice and Procedure: Civil, Sec. 2552.

* Judge Byron G. Skelton, U. S. Court of Claims, sitting by designation.

Applying those principles to the case at hand, we conclude that the jury was properly instructed.[1]

Accordingly, the judgment of the district court denying appellant's motion for a new trial is affirmed.

---

1. The pattern instructions utilized by the district judge below were approved in another railroad crossing case decided by this court. See Vidrine v. Kansas City Southern Ry. Co., 466 F.2d 1217 (5th Cir., 1972).