UNITED STATES of America, Plaintiff-Appellee,

v.

Marc Enright NEILSON, Defendant-Appellant.

No. 72-2292.

United States Court of Appeals, Ninth Circuit.

Jan. 5, 1973.

David H. Fox, Atty. (argued), Earl E. Boyd, Atty., U. S. Dept. of Justice, Los Angeles, Cal., William D. Keller, U. S. Atty., Eric A. Nobles, Michael C. Solner, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and CARTER, Circuit Judges, and RENFREW,* District Judge.

RENFREW, District Judge:

Appellant was convicted in a jury trial of knowingly failing and neglecting to keep his Local Board advised of the address where mail would reach him from July 17, 1970, until December 1, 1970, in violation of 50 U.S.C.App. § 462. The trial court granted five years' probation on the condition appellant obtain a job for three years doing work in the national interest. This appeal raises questions in two general areas, the exclusion of certain evidence and the adequacy of the instructions to the jury.

Appellant registered with Local Board No. 80, Santa Barbara, California, on September 7, 1966. As his place of residence and mailing address he listed his parents' home at 1354 Shoreline Drive, Santa Barbara, and also gave Leon Ramirez at 217½ Castillo, Santa Barbara, as the name and address of a person who would always know his address.

The Local Board classified him II–S from May 1967 until October 1968. On November 15, 1968, the Board received a letter in which appellant returned his draft cards and stated he refused to cooperate with "your military machine." Thereafter, the Board received a letter from appellant on January 31, 1969, of which the following portion was read to the jury:

"My residence has been established in San Francisco at this address, 558 Ninth Avenue. I am also in school. In the future please send your correspondence to me at this address, 558 Ninth Avenue, San Francisco, California, 94118."

Carol K. Smith (argued), Los Angeles, Cal., for defendant-appellant.

* Honorable Charles B. Renfrew, United States District Judge, Northern District of California, sitting by designation.

The trial court excluded certain portions of this letter as prejudicial to appellant, although appellant argued that if any portion of that letter was admitted, then the whole letter should have been received.

From July 17, 1970, to December 1, 1970, all correspondence sent to the San Francisco address was returned to the Local Board marked "Addressee unknown." The Board attempted to ascertain appellant's mailing address by writing to his father, John Neilson, and to Leon Ramirez on July 31, 1970. The letter to Mr. Ramirez was returned as undeliverable, and no reply was received from appellant's father. John Neilson testified that during a telephone conversation with appellant in August 1970 he summarized the contents of the July 31, 1970 letter as asking where Selective Service mail should be sent. All further testimony on this telephone discussion was excluded as both inadmissible hearsay and irrelevant.

■ Appellant also offered testimony as to his reasons for sending the letter of January 31, 1969.** This evidence was excluded on the basis it was irrelevant and without "legal significance."

The jury was instructed that the offense charged must be knowingly and intentionally done, and not because of mistake, accident, or other innocent reason.

■■ Turning first to the exclusion of evidence, we find the trial court erred in excluding certain evidence. The court was incorrect when it excluded certain portions of the letter of January 31, 1969, particularly in view of the record taken as a whole. As long as any portion of that letter was admitted, the whole letter should have been presented to the jury as relevant to the essential element of appellant's knowledge and in-

tent. Furthermore, appellant's own testimony as to his reasons for sending this letter should have been considered by the jury as additional evidence of his knowledge and intent. Criminal intent may be inferred from all facts and circumstances which reasonably tend to show a mental attitude. United States v. Ebey, 424 F.2d 376, 378 (10th Cir. 1970); *See*, Morissette v. United States, 342 U.S. 246, 274–276, 72 S.Ct. 240, 96 L.Ed. 288 (1952).

■ The trial court erred with respect to the other items of excluded evidence, which were also relevant to the element of intent. During their telephone conversation appellant and his father discussed which address would be better for receiving Selective Service mail and decided to continue the use of the parents' address. This evidence would tend to negate the intent necessary for conviction. *See*, Graves v. United States, 252 F.2d 878 (9th Cir. 1958); Ward v. United States, 195 F.2d 441 (5th Cir. 1952), reversed per curiam, 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953). The father's testimony as to appellant's statements over the phone was admissible since evidence of a statement of the declarant's then existing state of mind is not made inadmissible by the hearsay rule when the evidence is offered to prove the declarant's state of mind at that time or at any other time when it is itself an issue in the action. California Evidence Code § 1250(a)(1); 6 Wigmore, Evidence, § 1732, p. 98 (3d Ed. 1940). The father's own statements were admissible to provide the necessary context for appellant's statements, and as evidence of the state of mind created in appellant. 6 Wigmore, Evidence, § 1789, p. 235 (3d Ed. 1940).

Appellant contends the instructions to the jury were inadequate in two re-

---

** Appellant so testified in connection with an offer of proof which was rejected by the trial court. The offer was made after the jury had commenced its deliberations but before it had returned its verdict. While the trial court is doubtless correct that the relevance of such evidence is a "question of law," we disapprove the procedure followed by the court. An offer of proof should be made before the parties rest and the jury retires to its deliberations. If, for example, the trial court after hearing the testimony had concluded that the proffered evidence should have been admitted, it would have been difficult if not impossible to avoid error.

spects. First, the trial court erred in specifically deleting the term "willful" from those instructions detailing the intent necessary for conviction. Significantly, the statute here involved makes no mention of willfulness. It is aimed at anyone "who shall knowingly fail or neglect to perform" any duty imposed by the Selective Service Act or the regulations promulgated thereunder. 50 U.S.C.App. § 462(a). *See,* 32 C.F.R. § 1641.3. The court gave the following instructions on intent:

"In crimes such as charged in this case specific intent must be proved before there can be a conviction.

"A person who knowingly and intentionally does an act which the law forbids or knowingly and intentionally fails to do an act which the law requires to be done may be found to act with specific intent."

"An omission or failure to act is 'knowingly' done if done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

"The purpose of adding the word 'knowingly' was to insure that no one would be convicted because of an omission, or failure to act, due to mistake, or accident, or other innocent reason."

"Three essential elements are required to be proved in order to establish the offense charged in the indictment:

\*        \*        \*        \*        \*

"THIRD: That defendant knowingly and intentionally failed to keep his Local Board advised of his current mailing address."

■ The Ninth Circuit has held that the term "knowingly" requires proof of culpable intent as a necessary element of the offense. Graves v. United States, 252 F.2d 878 (9th Cir. 1958). Appellant's defense was clearly based on the theory that any failure to advise his Local Board of his address occurred through mistake, accident or some other innocent reason. The jury was correctly instructed that appellant could not be convicted because of mere mistake, accident or other innocent reason. Under these circumstances, it is not necessary to rule upon appellant's contention that willfulness is a necessary element in alleged Selective Service violations. Even assuming the deletion of this term to be erroneous, it was harmless error as the instructions in their entirety adequately covered the element of intent. *See,* United States v. Weersing, 415 F.2d 130 (9th Cir. 1969); Sherwin v. United States, 320 F.2d 137, 150–151 (9th Cir. 1963), cert. denied, 375 U.S. 964, 84 S.Ct. 481, 11 L.Ed.2d 420 (1964); Herzog v. United States, 235 F.2d 664 (9th Cir. 1956), cert. denied, 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59 (1956); Legatos v. United States, 222 F.2d 678 (9th Cir. 1955).

■ More serious is appellant's challenge to the trial court's use of the phrase "current mailing address" in those instructions referring to the offense charged. The indictment alleged that "the defendant knowingly failed and neglected to keep said Local Board No. 80 advised of the address where mail would reach him." The Selective Service regulation enacted pursuant to the statute under which appellant was charged, states, "It shall be the duty of each registrant to keep his Local Board advised at all times of the address where mail will reach him." 32 C.F.R. § 1641.-3. Both the indictment and the regulation were read to the jury as part of the instructions, but in describing the elements which must be proved by the government, the trial judge repeatedly referred to a failure to provide "his current mailing address." This interchanging of the narrower term—"current mailing address"—and the broader term —"address where mail will reach him" —created the definite possibility of confusion, and the jury may have found appellant guilty of an offense for which he was not indicted. "A conviction ought not to rest on an equivocal direction to the jury on a basic issue." Bollenbach v. United States, 326 U.S. 607, 613, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946); Es-

tep v. United States, 327 U.S. 114, 145, 66 S.Ct. 423, 90 L.Ed. 567 (1946) (Mr. Justice Frankfurter, concurring). In light of the possible prejudice to appellant, the use of "his current mailing address" constituted an improper deviation from the language of the indictment and the regulation.

Reversed and remanded for further proceedings in accordance with this opinion.