De Raine O. ANDRY, Plaintiff-
Appellant,

v.

FARRELL LINES, INC., Defendant-
Appellee.

No. 72–2502.

United States Court of Appeals,
Fifth Circuit.

May 21, 1973.

Henry L. Klein, Sherman F. Raphael, New Orleans, La., for plaintiff-appellant.

Michael L. McAlpine, New Orleans, La., for defendant-appellee.

Before COLEMAN, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

In this Jones Act case, 46 U.S.C.A. § 688, the District Court denied plaintiff's motion for a directed verdict on the questions of negligence and unseaworthiness. In answer to special interrogatories, the jury found the vessel seaworthy, the defendant free from negligence, and the plaintiff "100% contributorily" negligent. Plaintiff challenges the District Court's failure to grant a directed verdict and its instructions to the jury regarding the negligence and unseaworthiness. We affirm.

Plaintiff, employed as a "wiper" in the engine room of defendant's vessel, alleged that, while the vessel was docked, he was struck by the door of an evapora-

tor he was cleaning. He alleged that the door swung shut unexpectedly as the vessel was rolled by a "sneak wave." No witnesses other than plaintiff testified about the accident, and he sought to sustain his burden of proof solely through his own testimony.

## I.

From our examination of the evidence presented, we conclude that, weighing all the evidence, reasonable men could have reached different conclusions. Thus, the motion for a directed verdict was properly denied, and the questions of fact correctly left for the jury to decide. *See* Mayfield v. Chisholm-Moore Hoist Division, Columbus McKinnon Corp., 467 F.2d 483 (5th Cir. 1972); Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969).

## II.

Plaintiff argues that the District Court's charges on negligence and unseaworthiness were "vague, insufficient, and inadequate." The standard for appellate review of jury instructions is clear: the charge must be viewed as a whole. If the charge in general correctly instructs the jury on the law, even though a portion is technically imperfect, no harmful error is committed. Bolden v. Kansas City So. Ry. Co., 468 F.2d 580 (5th Cir. 1972); Troutman v. Southern Ry. Co., 441 F.2d 586 (5th Cir. 1971); Webster v. Sea Drilling Corp., 411 F.2d 411 (5th Cir. 1969).

Though presented in a somewhat colloquial fashion, the trial court's instructions on negligence contained all the essential elements of the standard charge. Plaintiff is particularly disturbed by the court's use of an automobile simile in discussing causation. The trial court, however, was careful to note the limits of the analogy and explained that the example was employed only for illustrative purposes. The structure and illustrations of a charge are within the trial court's discretion. The court need not use any particular form of words so long as "the charge as a whole conveys to the jury a clear and correct understanding of the applicable law." *See* 2B W. Barron & A. Holtzoff, Federal Practice and Procedure, 471 (1961).

Plaintiff premised his allegation of unseaworthiness on the fact that the evaporator door had no latch to secure it in an open position. He criticizes the charge as to unseaworthiness for its failure to mention the hazards vessels undergo at sea and in port, the observation that failure to secure a door amounted to negligence rather than unseaworthiness, and the omission of a proposed charge that seamen do not assume the risks of their employment. The District Court's instructions, however, appear to us to be pertinent to the issues and testimony presented. The uncontradicted evidence showed that the evaporator door was opened only when the ship was in port. The aspects of the charge challenged by plaintiff, if error, were harmless and therefore insufficient for reversal. F.R.Civ.P. 51. The jury was fairly instructed, and its verdict for the defendant decided the issues in this case.

Affirmed.