**UNITED STATES of America,
Appellee,**

v.

**Melvin Alton HAYNES, Appellant.**

**No. 74–1785.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 2, 1974.

Decided May 5, 1975.

Alexander P. Sands, III, Reidsville, N. C. [Court-appointed counsel] (Bethea, Robinson & Moore, Reidsville, N. C., on brief), for appellant.

Ronald Shearin, Asst. U. S. Atty. (N. Carlton Tilley, Jr., U. S. Atty., on brief), for appellee.

Before BUTZNER, FIELD and WIDENER, Circuit Judges.

### PER CURIAM:

Melvin Haynes was charged with three counts of violating the Military Selective Service Act of 1967, 50 App. U.S.C. § 462: (1) knowing failure to report for induction; (2) knowing failure to report for an Armed Forces physical examination; and (3) knowing failure to keep the local board informed of his current address.

The district judge dismissed counts (1) and (2). Haynes was found guilty by a jury of count (3), and was sentenced under the Youth Corrections Act.

Appellant first registered with his local selective service board on June 15, 1970. At that time, he listed a Reidsville, North Carolina address as his address, and listed his father, same address, and his sister, with a Greensboro, North Carolina address, as persons who would always know his whereabouts.

In May 1972, Haynes returned to the local board a current information questionnaire on which he listed his address as Pelham, North Carolina, and listed his father at the same Pelham address as a person who would always know his whereabouts.

On May 19, 1972, he went to his local board and procured a conscientious objector form.

On June 6, 1972, the local board ordered him to report for a physical examination in Reidsville on June 28, 1972. The order for this examination was mailed to his Pelham address.

On June 19, 1972, Haynes went to the local selective service board in Conway, South Carolina, and requested that the physical examination be transferred there. He gave his mailing address at that time as General Delivery, North Myrtle Beach, South Carolina, and stated that he would remain in South Carolina to take a physical examination on July 19, 1972.

Subsequent to this request to the Conway selective service board, an order to report for a physical examination was mailed to the general delivery address he had given. It was returned unopened. A letter was thereafter mailed to Haynes' sister in Greensboro asking for information as to Haynes' whereabouts. It was also returned unopened and was marked "Moved, Left No Address."

Officials of the local board in Reidsville contacted the appellant's father on two occasions. The father was unable to advise the local board of Haynes' whereabouts.

On August 30, 1972, the local board declined to classify Haynes as a conscientious objector because he had not completed and returned the form picked up on May 19, 1972. Haynes, at trial, testified that he had completed the form and given it to a third party to mail, but he stated that he did not know the name of this other person.

On September 14, 1972, the local board sent an order to report for induction to Haynes at the general delivery address in North Myrtle Beach. This order was returned to the board unopened.

Haynes, in an interview with an agent of the Federal Bureau of Investigation, admitted that after having the physical examination transferred to South Carolina he had left that state and gone to Colorado and to Florida, during which time he did not contact his family.

On appeal, Haynes cites as error the use of the phrases "current address" and "current mailing address" in the jury charge and on the jury verdict form. The applicable regulation upon which he was tried, 32 CFR § 1641.1, provides: "(a) It shall be the duty of every classified registrant until his liability for training and service has terminated, to keep his local board currently informed in writing of (1) the address where mail will reach him. . . ."

Haynes asserts that the use of the challenged phrases created a great possibility that the jury was misled and the defendant was thus prejudiced. This position is supported, he contends, by the fact that the jury, after two hours and forty-five minutes of deliberation, submitted questions to the court regarding the Act and regulations and the defendant's state of mind.

We find no prejudicial error by the trial court in the use of the challenged phrases.

The phrases were used from the outset of this case by both the United States and the appellant. The indictment alleges that the appellant violated 50 App. U.S.C. § 462 when he "knowingly failed and neglected to perform the duty required of him under said Act and Regulations issued thereunder and keep his Local Board informed of his current address. . . ." No challenge to the wording of the indictment was made, despite the fact that a motion to dismiss the indictment was made on other grounds. Appellant, in his motion to dismiss the indictment, used the phrase "current mailing address" himself.

At the outset of the trial, the district court paraphrased the indictment for the jury, using the phrases "current address" and "current mailing address." Again, there was no objection to the use of these phrases.

In a request for an instruction (which was denied), defense counsel proposed the use of the term "current address." Defense counsel then stated that he wished to except to every time the phrase "current address" was used. The judge replied that the use of the phrase was "simply an abbreviated form for the jury's convenience. . . ."

The court twice instructed the jury as to the applicable burden on the registrant:

"Now in regard to this requirement, you are instructed that the defendant does not have to report every move he makes or to remain at one place. The requirement to keep the Local Board informed of the registrant's most current address is satisfied when the registrant in good faith provides a chain of forwarding addresses by which mail sent to the address which he has furnished the board may be reasonably expected by the registrant to reach him in time to comply with the notice."

This statement of the law is in accord with a recent decision of this court stating the burden on the registrant, United States v. Ramey, 503 F.2d 705 (4th Cir. 1974).

Since a proper instruction was given, the use of the terms "current address" and "current mailing address," especially in the context presented here, was not prejudicial. In response to the question from the jury, the court, for the second time, gave them the above quoted charge, much of which is verbatim from *Ramey* (and from Bartchy v. United States, 319 U.S. 484, 63 S.Ct. 1206, 87 L.Ed. 1534 (1943)). Indeed, in *Ramey,* at p. 709, we referred to the "duty to keep the local board informed of his *current address*" (italics added).

The language in the quoted instruction, along with the circumstances that exist here, distinguishes our case from United States v. Neilson, 471 F.2d 905 (9th Cir. 1973). In *Neilson,* the trial court interchanged the term "current mailing address" with the phrase used in the regulation, "address where mail will reach him." The Ninth Circuit held that such usage created a possibility of confusion and reversed.

In the instant case, the quoted instruction provided a full statement of the registrant's burden and dispelled any confusion that might have resulted from an indiscriminate interchangeable use of the challenged phrases as in *Neilson.*

We have examined the other assignments of error and find them to be without merit.

Accordingly, the judgment of conviction is

Affirmed.

BUTZNER, Circuit Judge (dissenting):

I dissent. The law requires a registrant to furnish an "address where mail will reach him," not his "current address," 32 C.F.R. § 1641.1, and I cannot agree that the instructions to the jury rendered the use of the inaccurate abbreviation in the verdict form harmless.* In this case, as in United States v. Neilson, 471 F.2d 905 (9th Cir. 1972), the trial court presented the jury with alternative formulations of the law, one of which was the misleading "current address." Any curative effect that the correct version might have is offset by the fact that the incorrect one was before the jury during their deliberations. Even if the incorrect verdict form did not mislead the jury, and their request for further instructions argues otherwise, it "created the definite possibility of confusion" which the *Neilson* court held to be prejudicial. 471 F.2d at 908.

The defect is by no means merely technical. The government had to prove that Haynes "knowingly" failed to provide the proper information. 50 App. U.S.C. § 462. His defense was that his conduct was due to mistake and misunderstanding. It is clear that Haynes did not furnish his draft board a "current address" after June 1972. On the other hand, had the verdict form correctly reflected the charge, the jury could have found that except for the period between mid-June and mid-October, Haynes' home in Pelham, North Carolina, was an "address where mail will reach him" that was known to the local board. Faced with a four-month hiatus in contact instead of an apparent effort to permanently drop out of touch, the jury could more readily have believed Haynes' testimony to the effect that he believed the Pelham address to be his mailing address at all times and found that his actions were merely inadvertent or mistaken. "A conviction ought not to rest on an equivocal direction to the jury on a basic issue." United States v. Bollenbach, 326 U.S. 607, 613, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946).

I must also disagree with the implication that counsel for the defense, by using the phrase "current address" in a bench colloquy concerning proposed instructions, waived or weakened his objection on this point. In his next proposed instruction he specifically objected to the use of the phrase and properly suggested the language of 32 C.F.R. § 1641.1 as an alternative. If anything, his casual utterance suggests only that the shorter formulation is, as the district court pointed out, easier to say. It has no bearing on the necessity for the more precise statement or on counsel's position.

Confronted by a substantially similar error, our brothers on the Ninth Circuit reversed and ordered a new trial. United States v. Neilson, 471 F.2d 905 (9th Cir. 1973). I would follow their sound precedent.

---

* The verdict form read:

"We, the jury in the above entitled case, do find the defendant, Melvin Alton Haynes,

———————————
Guilty or Not Guilty

of the crime of *failing to keep the Local Board informed of his current address* as charged in Count Three of the indictment." [Italics added]

Haynes' counsel specifically objected to the substitution of the term "current address" for the language defining the crime.