UNITED STATES of America,
Appellee,

v.

Steve GOMORI, Jr., Appellant.

No. 13939.

United States Court of Appeals,
Fourth Circuit.

Sept. 2, 1975.

M. Blane Michael, Petersburg, W. Va. [Court-appointed], for appellant.

James F. Companion, U. S. Atty., and William A. Kolibash, Asst. U. S. Atty., for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

ON MOTIONS FOR RE–ENTRY OF JUDGMENT OF THIS COURT ON APPEAL, ISSUANCE OF NEW MANDATE, AND RELEASE ON BAIL PENDING APPLICATION FOR WRIT OF CERTIORARI.

PER CURIAM:

In 1969 Steve Gomori, Jr., was convicted by a jury in the United States District Court for the Northern District of West Virginia of interstate transportation of stolen goods in violation of 18 U.S.C. § 2314 and was sentenced to imprisonment for a term of six years. At that time Gomori was represented by retained counsel, Leonard Z. Alpert, Esquire, of Weirton, West Virginia, and an appeal was taken to this court but the conviction was affirmed (one judge dissenting) in early 1971. Subsequently, Gomori, through the same counsel, filed a petition in this court for a rehearing which petition was denied in April of 1971.

Gomori has now filed in this court a motion for re-entry of its final judgment and mandate and a petition for release on bail pending application to the Supreme Court of the United States for a writ of certiorari. He urges that a direct application for certiorari without re-entry of our judgment would undoubtedly be denied as untimely filed since the time for filing such an application expired in 1971. As justification for the requested relief Gomori represents that he was not informed by his retained counsel that his conviction had been affirmed by this court until the time within which he could have applied to the Supreme Court for certiorari had expired. Therefore, Gomori argues that he should be permitted to begin anew, free from the disability that was created by

his retained counsel in failing to notify him of the results of the appellate proceedings in this court. Gomori claims that he did not learn of this court's action until August 1971, well after the expiration of the time for filing an application for certiorari in the Supreme Court.

After several inappropriate and unsuccessful *pro se* attempts to obtain relief from various courts Gomori finally filed a motion here seeking to have the judgment affirming his conviction re-entered and to have counsel appointed to assist him in applying for certiorari. This court granted Gomori's motion for appointment of counsel and in a separate motion appointed counsel has renewed Gomori's request for re-entry of this court's judgment affirming his conviction. Gomori seeks also to be reinstated on bail pending his application for certiorari.

It is true that Gomori's claim that he was never advised by his retained counsel of this court's disposition of his appeal is supported by Attorney Alpert's affidavit in which he states: "[A]ffiant can unequivocally state that he did not advise defendant [Gomori] of the fact that the United States Court of Appeals for the Fourth Circuit had affirmed the conviction . . . ." But affiant, Attorney Alpert, goes further in his affidavit and says as follows:

". . . that I was privately retained by Steve Gomori, Jr., during April of 1969, who was a defendant in a prosecution then pending in the United States District Court for the Northern District of West Virginia . . . ; that the said Steve Gomori, Jr., had agreed to pay the affiant the sum of Ten Thousand Dollars ($10,-000.00) as fees in addition to all expenses incurred in connection with an appeal, if one became necessary, to the United States Court of Appeals for the Fourth Circuit; that the said Steve Gomori, Jr., was convicted by jury on June 17, 1969; that after the overrul-

ing of a motion for a new trial the defendant was . . . committed to the custody of the Attorney General for a period of six years; that thereafter an appeal was perfected to the said United States Court of Appeals for the Fourth Circuit; that after the filing of briefs and oral arguments were taken by said Court on February 2, 1970, by said Court, the conviction of the defendant was affirmed by opinion rendered on January 29, 1971, petition for rehearing having been subsequently denied; that the affiant during this entire period was unable to communicate with the defendant by phone or letter because of the personal difficulties then being experienced by the defendant; that several trips to the affiant's [sic] home near Youngstown, Ohio, were likewise unavailing; that affiant did receive a communication from the defendant dated October 18, 1970, requesting affiant's participation in a contemplated action against federal authorities in Cleveland, Ohio, to which letter affiant responded by his letter dated November 5, which letter contained the following quoted language:

" 'Notably absent from your letter was any mention whatsoever of the appeal which was taken to the United States Court of Appeals for the Fourth Circuit. Your apparent lack of interest continues to be a constant source of astonishment to me as was your refusal to deal with me on honorable terms.'

"That from the time affiant wrote a letter to the defendant on November 5, 1970, no communications whatsoever passed between affiant to defendant or from defendant to affiant; that affiant can unequivocally state that he did not advise defendant of the fact that the United States Court of Appeals for the Fourth Circuit had affirmed the conviction, this is attributed, if not entirely, then in large measure, to the fact that affiant received no fees for his services and was re-

quired to personally absorb approximately One Thousand One Hundred Dollars ($1,100.00) in costs for the defendant having made repeated unfulfilled promises regarding his ability and intention to pay the agreed fee and costs; that it is worthy of mention that the defendant at some point acquired knowledge of the fact that his conviction had been affirmed as evidenced by his said letter to affiant dated September 29, 1971; that said letter of the defendant dated September 29, 1971, is marked Affidavit Exhibit A, incorporated herein and asked to be read and made a part hereof; that this letter was not answered by the affiant and at no time were any proceedings to appeal from the decision of the United States Court of Appeals for the Fourth Circuit ever discussed; that at no time was an appeal to the United States Supreme Court contemplated by the affiant nor even suggested by either affiant or defendant; that there were no communications whatsoever on the subject of appeal to the United States Supreme Court."

From the copy of Gomori's letter to Mr. Alpert, his counsel, dated September 29, 1971, he advises that "the sentence in Ohio is served, and on April 29 I was transferred here [State Correctional Institution at Pittsburgh, Pennsylvania] for the United States Supreme Court denied certiorari in this case on December 12, 1970." Gomori assigned as a reason for his letter to Mr. Alpert that on his return to the Pittsburgh Correctional Institution a detainer from the federal authorities from West Virginia had been filed. He further notes that he had obtained an opinion and order filed January 29, 1971, in the Fourth Circuit Court of Appeals. He then poses several questions to Mr. Alpert, including the following: "Upon my release here, if they don't intend to return me to West Virginia, is there any action I can submit to accomplish this? I can get some help this time. I am after any type of action authorizing bail for this is my last hump.

All else is cleared away. . . . Answers to my questions will be fine by mail, and I will certainly appreciate an answer as I need it."

The United States filed a response to Gomori's motion for re-entry of this court's judgment of affirmance of his conviction and states that the United States does not oppose the motion although indicating that Gomori's motion to this court is unnecessary since, in view of Mr. Alpert's affidavit, it appears that if the Supreme Court denies the petition for certiorari the decision would have to be based upon the merits and not the untimeliness of the petition. Further, the United States vigorously opposed the defendant's motion to be released on bail pending application for certiorari asserting any such application to the Supreme Court is frivolous and would be taken for delay.

Some courts have granted motions by convicted felons for re-entry of judgment after the expiration of the time within which an application for certiorari could be filed. In fact, this court has recently granted such a motion but there it appeared that the attorney for the defendant did not receive any communication from any court as to the affirmance, on appeal by this court, of a defendant's conviction so that the time in which defendant could seek certiorari had expired. *United States of America v. Haynes,* 4 Cir., 515 F.2d 275. However, in *Haynes* it appears that the expiration of time was not due to the fault of the defendant or his attorney and involved only a period of a few days.

In the instant case it appears that at the time the appellate proceedings of Gomori's case were in progress Gomori was serving a sentence in Pennsylvania, that he did not advise his counsel, Mr. Alpert, and that counsel's efforts to communicate with him were unsuccessful. It further appears that Gomori's lack of knowledge or notification that his conviction had been affirmed on appeal is primarily due to his own fault. It is

clear that he had failed to deal with his counsel on honorable terms thus, in effect, abusing an officer of the court. He obviously had terminated his relationship with his retained counsel because he desired to avoid payment of counsel fees and costs. Only when he needed assistance did he attempt to renew his relationship with his counsel as evidenced by his letter of September 29, 1971. This is not a case of an innocent victim of the negligent conduct of his attorney who now seeks some form of redress but is an instance where Gomori abused an officer of the court and manifested a clear intent that he did not wish to communicate with counsel except when advantageous to him. It is clear also from Gomori's letter to Mr. Alpert that at the time of writing he had learned that the appeal of his conviction had been denied. We perceive no merit in Gomori's claims that he is entitled to a fresh start toward seeking certiorari by the re-entry of this court's judgment and the issuance of a new mandate.

In these circumstances we agree with the United States that re-entry of judgment is unnecessary. If this case were presented to the Supreme Court as an untimely appeal, accompanied by the affidavits presented to this court, we think the Supreme Court would likely consider whether Gomori had been unjustly deprived of his opportunity to apply for certiorari. Simply because Gomori feels a lack of sympathy or consideration on the part of the Solicitor General of the United States for his position is no persuasive reason for this court to clear his path for him. Nothing in the plight of Gomori evokes our sympathy; rather he appears to be in a situation where he dealt himself out of the right to seek relief from the higher court because he was busily engaged in trying to bilk his lawyer. This court has already provided Gomori with counsel to enable him to present such equities as he may have in an untimely application for certiorari and of which the Supreme Court would likely take cognizance in reaching a decision to grant or deny an untimely petition.

The motions of Gomori for re-entry of this court's judgment, the issuance of a new mandate, and the motion for release on bail are denied.