LOTTINGER, Judge.
This is a suit for damages for personal injuries received by the plaintiff, Mrs. Virginia Wilkinson, a guest passenger in an automobile involved in a collision. This case is one of three consolidated for trial before a jury on January 14-17, 1975. The jury determined that the driver of the automobile in which the plaintiff was a pas *352 senger was negligent, his negligence was the proximate cause of the accident, but found that the plaintiff had assumed the risk of the accident. Judgment was rendered dismissing her suit, and she has perfected this appeal.
The record points out that the collision occurred at approximately 1:20 a. m. on November 3, 1970, on Airline Highway just south of its intersection with Good-wood Boulevard in Baton Rouge. Marathon Glenn Hawkins was driving an automobile which beonged to V. C. Hudgins and both Hudgins and plaintiff-appellant, Mrs. Virginia Wilkinson, were passengers. The vehicle driven by Hawkins rear-ended a tractor-trailer truck owned by Bulk Transport, Inc., killing Hudgins and injuring both Mrs. Wilkinson and Hawkins. Both Hudgins and Hawkins had been at the El Centric Lounge from about 6:00 p. m. on November 2 to less than five minutes before the accident. Mrs. Wilkinson joined them there at about 9:30 p. m. Hawkins and Hudgins both belonged to the Retail Clerks Union Local 1691. Mrs. Wilkinson and the heirs of Hudgins filed separate suits against Hawkins, Retail Clerks Union Local 1691, Retail Clerks International Association and The Travelers Indemnity Company.[1] Bulk Transport, Inc. also filed suit against the same defendants for its damages, and the three suits were consolidated for trial.
There was testimony that Hawkins, the driver, was not drinking alcoholic drinks on the night in question due to the fact that he had a tooth pulled a few days prior to this time, and was not feeling well. On the other hand, and without going into detail, there was testimony that Hawkins had to be helped out of the bar at closing time by Mrs. Wilkinson and Hudgins and that there was a smell of alcohol on Hawkins’ breath following the accident.
Plaintiff-appellant contends (1) that the jury erred in finding that Mrs. Wilkinson had assumed the risk of the accident, (2) that the Court erred in not properly and adequately instructing the jury with respect to the affirmative defense of assumption of risk, and(3) that the Court erred in refusing to submit this action to the jury on a general verdict form.
As to the specifications of error concerning the Trial Judge’s instructions to the jury and his refusing to submit the action to the jury on a general verdict form, we are of the opinion that in light of the Supreme Court’s recent decision of Gonzales v. Xerox Corporation, La., 320 So.2d 163 (1975) there is no need for us to determine whether the Trial Judge was in error or not. Even if we would find the Trial Judge in error, under the holding of Gonzales, supra, rather than remanding for a new trial, we are compelled to render a decision.
In Gonzales, supra, the Trial Judge refused to give a requested special charge to the jury. This Court decided the Trial Judge was in error and remanded for a new trial. 307 So.2d 153 (La.App. 1st Cir. 1974).
Mr. Justice Calogero, speaking for the Supreme Court in Gonzales, said:
“While the trial court remains the original forum for resolving factual and legal issues, the Louisiana Constitution expressly extends the jurisdiction of appellate courts in civil cases to the review of facts as well as law. Accordingly, appellate courts render judgments on the merits when the trial court has made a consequential but erroneous ruling on the exclusion or admission of evidence. Likewise, when an appellate court has all • the facts before it, a trial judge’s erroneous instruction to the jury does not warrant-a remand.
*353 “In addition to the constitutional authority, and consistent with it, there is a very practical consideration which encourages our appellate courts to exercise their jurisdiction to review factual findings : judicial economy. When the entire record is before the appellate court, remand for a new trial produces delay of the final outcome and congestion of crowded dockets while adding little to the judicial determination process. Although the appellate court does not gain the benefit of personally viewing the witnesses, it does have a complete record and the constitutional authority to decide.
“Substantial deviation from the rule that appellate tribunals with a complete record before them review facts and render decisions has been infrequent. In Herbert v. Travelers Indemnity Co., 193 So. 2d 330 (La.App. 4th Cir. 1966), this Court refused to grant writs in a case in which, following an erroneous exclusion of evidence by the trial court, the Court of Appeal remanded for a new trial. The opinion was criticized in 41 Tul.L. Rev. 922, 925 (1967) where it was stated that:
“ ‘the practical result of the case is that it will undoubtedly be appealed again and thus come before the same court with the same record at an unnecessary cost to the litigants. The decision seems to drastically reduce the effects of appellate review of facts . . .’
“More authoritative than Herbert v. Travelers, supra, however, was this Court’s decision in Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969). In that case, this Court itself remanded for retrial. The Court of Appeal had affirmed the trial court judgment; this Court reversed on the basis of an erroneous jury instruction and remanded to the trial court. That it was the Supreme Court in Bienvenu which first found error in the trial court’s instruction, rather than the Court of Appeal, as in this case, does not present a rational basis for our now attempting to distinguish Bienvenu. Nor can we logically distinguish Bien-venu on the basis that the improper jury instruction was much more damaging to the plaintiff’s case than it was in the case before us. Consequently, we find it necessary to overrule Bienvenu v. Angelle, supra, in holding that the action of the Court of Appeal in remanding the case for retrial was error.” [Citations and footnotes omitted.]
As to the specification of error that Mrs. Wilkinson had assumed the risk of this accident, Marcotte v. Travelers Insurance Company, 258 La. 989, 249 So.2d 105 (1971), rehearing denied (1971), has set the standard in Louisiana for the defense of assumption of risk when the Court said:
“When an accident occurs involving a driver whose mental or physical faculties have been materially impaired due to the influence of intoxicants, a guest passenger who knows or should know of the driver’s condition and nevertheless voluntarily rides with him cannot recover for injuries received in an accident caused in whole or in part by the driver’s negligence, if the alcohol-induced impairment of the driver’s ability is a substantial contributory cause of the driver’s negligence.” (Emphasis by the Supreme Court)
The Trial Judge used this same language as a special charge to the jury.
It must be kept in mind that this jury sat for four days and listened to all of the witnesses, saw them testify, judged their credibility, evaluated all of the evidence as they found it, and came to the conclusion that the plaintiff had assumed the risk of this accident.
Further, this matter was heard on a motion for a new trial, which was denied by the Trial Judge. The Trial Judge has unlimited authority to grant a new trial, even *354 on his own motion, when he is convinced there is good ground for it. LSA-C.C.P. arts. 1971 and 1973. After sitting in court for four days listening to the witnesses and evaluating their testimony, the Trial Judge concluded that the decision of the jury was correct, for he refused to grant a new trial.
The plaintiff-appellant would suggest that this Court substitute its evaluation of the witnesses’ testimony after a reading of the cold facts as presented by the transcript. In Canter v. Koehring Company, La., 283 So.2d 716 (1973), rehearing denied (1973), Mn Justice Tate said:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” (Emphasis added)
And as regards jury trials, our brethren on the Third Circuit in Wiley v. Travelers Insurance Company, 300 So.2d 555 (La.App. 3rd Cir. 1974), rehearing denied (1974), writ refused, 303 So.2d 187 (La. 1974), said:
“Ours is not the primary duty of weighing the evidence, judging the credibility of witnesses or evaluating the strength of the various experts’ opinions. On the contrary, these tasks are allocated initially to the triers of fact, here the jury; and the conclusions of the jury as to facts should not be disturbed unless manifestly erroneous. See Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3 Cir. 1971); and Busby v. St. Paul Fire & Marine Insurance Company, 290 So.2d 701 (La.App. 1 Cir. 1974); writ denied, La., 294 So.2d 546. The intermediate appellate court is to examine the record and to review the facts to determine whether there is a reasonable evidentiary basis for the decision by the triers of fact. Dunlap v. Armendariz, 265 So.2d 352 (La.App. 4 Cir. 1972).

“ * * * Stated differently, the issue is whether the jury’s conclusion that the doctor was not negligent was based on reasonable evaluations of credibility and reasonable inferences of fact, free of manifest error.” (Emphasis added)
Realizing our function and responsibility as an intermediate appellate court, we do not find that our own evaluations and inferences drawn from the facts as found in the record are any more reasonable than those determined by the jury. We find ample evidence from which the jury, upon reasonable evaluation of the credibility and reasonable inferences of fact, could answer the interrogatory on assumption of risk in the affirmative, and therefore find no error in the decision of the jury finding Mrs. Wilkinson to have assumed the risk of this accident.
For the above and foregoing reasons, the judgment of' the Trial Court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.

. Suit was originally filed against the Travelers Insurance Company, but the Travelers Indemnity Company filed answer, and the petition was amended to show the Travelers Indemnity Company as the proper party defendant.