LOTTINGER, Judge.
This case was consolidated for trial with Wilkinson v. Travelers Insurance Company, et al., 330 So.2d 351 (La.App. 1st Cir. 1975). The question before us is whether plaintiff-appellee, Bulk Transport, Inc. is entitled to property damages as awarded by the jury. Bulk Transport, Inc. was the owner of the tractor-trailer with which the automobile driven by Marathon Glenn Hawkins collided. The Lower Court awarded damages for cost of repairs, loss of driver time, and loss of use of the trailer while undergoing repairs all in the total amount of $2,614.79. From this judgment defendants, The Travelers Insurance Company, Marathon Glenn Hawkins, Retail Clerks Union Local 1691, and Retail Clerks International Association have appealed.
Hawkins ran into the rear of the Bulk Transport trailer. Defendant-appellant contends that the jury erred in finding that Hawkins was within the course and scope of his employment with Retail Clerks Union Local 1691 at the time of the accident; in finding that he was an executive officer of Retail Clerks Union Local 1691; that he was an employee of Retail Clerks International Association; and that the Pontiac automobile involved in the accident was a “temporary substitute automobile” within the meaning of the Travelers insurance policy in question.
According to the cases we quoted in Wilkinson v. Travelers Insurance Company, et al., supra, we must only determine whether there was evidence before the jury which upon its reasonable evaluation of credibility furnishes a reasonable factual basis for its findings. It is not enough that this court feel that its own evaluations and inferences are as reasonable as that of the jury who heard the testimony in this case.
As to whether Hawkins was within the course and scope of his employment with Retail Clerks Union Local 1691 at the time of the accident, there was testimony that Hawkins was on his way to the Holiday Inn to check a picket line, and we do know that the automobile was being driven in the direction of the Holiday Inn when the accident happened.
As to whether Hawkins was an executive officer of Retail Clerks Union Local 1691, there was testimony that he was business agent and special representative, was on the executive board, and also performed the duties of a union organizer of stores that did not have unions.
As to whether Hawkins was an employee of Retail Clerks International Association, there was his own testimony that he understood himself to be a special representative of the International Association, and defendant did not attempt to rebut this evidence in any manner.
As to whether the Pontiac automobile involved in the accident was a temporary substitute automobile within the meaning of the insurance policy in question, there was evidence that the automobile assigned to Hudgins was being repaired, and he was using his personal automobile for union business. It is true that Hawkins was driving and that the union automobile assigned to Hawkins was parked at the lounge that Hawkins, Hudg-ins and Mrs. Wilkinson left. However, there was evidence that since Hawkins was to chauffeur Hudgins and Mrs. Wilkinson to a restaurant on his way to the Holiday Inn picket line, the parties wanted to use the automobile assigned to Hudgins which in this case was a temporary substitute automobile, Hudgins’ personal automobile.
While there is evidence from which the jury could have reached conclusions con *357 trary to each of those reached, there is likewise evidence from which it could reach the conclusions it did reach. We do not find that the jury’s inferences of fact are in anyway manifestly erroneous.
We do note that although The Travelers Insurance Company was made defendant by plaintiff, The Travelers Indemnity Company answered plaintiff’s petition and was the proper defendant inasmuch as the policy entered into evidence shows The Travelers Indemnity Company to be the insurer of the automobiles of Retail Clerks Union Local 1691 and Retail Clerks International Association. Therefore, the judgment of the Lower Court is amended wherein it reads The Travelers Insurance Company to read The Travelers Indemnity Company.
For the above and foregoing reasons, judgment of the Lower Court, as amended, is affirmed at the defendant-appellant’s costs.
AMENDED AND AFFIRMED.