Bruce POLLOCK, Plaintiff-Appellant,

v.

KOEHRING COMPANY, a corporation, Defendant-Appellee.

INDUSTRIAL INDEMNITY COMPANY, Intervenor-Plaintiff-Appellant,

v.

KOEHRING COMPANY, a corporation, Defendant-Appellee.

Nos. 74–1662, 74–1714.

United States Court of Appeals, Ninth Circuit.

May 10, 1976.

R. Jay Engel (argued), of Engel & Warner, San Francisco, Cal., for plaintiff-appellant.

Mark Hudson (argued), of Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for defendant-appellee.

## MEMORANDUM

Before DUNIWAY and WALLACE, Circuit Judges, and EAST,[*] District Judge.

Pollock sued Koehring in the California superior court for strict liability in tort involving an allegedly defective design and manufacture of a plastic injection molding machine. He was injured while loading the machine. Koehring removed the case to the district court based upon diversity of citizenship. Industrial Indemnity filed a complaint in intervention as the workman's compensation carrier of Pollock's employer, Pam-Pro Plastics, to protect its lien for benefits paid to Pollock. In a bifurcated trial, the jury returned a verdict on the liability issue in favor of Koehring.

Pollock raises three issues on appeal: (1) whether the court erred in giving its instructions on Pollock's burden of proof and in refusing to give the instruction proposed by Pollock on the subject; (2) whether the court erred in refusing to give Pollock's proposed instruction on the effect of violation by Koehring of a California industrial safety order; and (3) whether the court erred in instructing the jury on "alteration" of the machine and proximate cause. Issues 2 and 3 are without merit, but we reverse based upon issue 1.

■ The district judge erred in his instructions on burden of proof and assumption of risk. Although a portion of the instructions correctly stated the defendant's burden, the judge twice instructed the jury that Pollock had to prove that he was unaware of the defect. When, near the close of the evidence, the judge was questioned

by a juror about the legal significance of Pollock's awareness, he compounded the error by stating that "if there is *any* evidence to show that the plaintiff knew of this unsafe condition and, knowing of it, nevertheless got himself into an unsafe position, he can't recover." (R.T. 457–58, emphasis added.) This is not a correct formulation of the California law.[1] In a very similar case, the California Supreme Court held that such an instruction was prejudicially erroneous. *Henderson v. Harnischfeger Corp.,* 12 Cal.3d 663, 117 Cal.Rptr. 1, 527 P.2d 353 (1974); *see also Luque v. McLean,* 8 Cal.3d 136, 104 Cal.Rptr. 443, 501 P.2d 1163 (1972).

■ The only question before us is whether this error requires reversal. Both parties to this appeal have cited California law on the issue. If it applied, *Henderson* would dictate reversal. Although we look to state law for the correct substance of jury instructions, the question whether an incorrect instruction is prejudicially erroneous is a procedural one requiring application of federal law. *Lones v. Detroit, Toledo and Ironton Ry. Co.,* 398 F.2d 914, 920 (6th Cir. 1968), *cert. denied,* 393 U.S. 1063, 89 S.Ct. 714, 21 L.Ed.2d 705 (1969); *accord, Seltzer v. Chesley,* 512 F.2d 1030, 1035 (9th Cir. 1975); *see* Rule 51, Fed.R.Civ.P.

■ Our inquiry is, therefore, whether, looking to the instructions as a whole, the substance of the applicable law was fairly and correctly covered. *Bolden v. Kansas City Southern Ry. Co.,* 468 F.2d 580 (5th Cir. 1972). In making this inquiry, we note that both inconsistent or equivocal instructions and incorrect statements of the law may be prejudicially erroneous. *Bollenbach v. United States,* 326 U.S. 607, 612, 66 S.Ct. 402, 90 L.Ed. 350 (1946); *United States v. Neilson,* 471 F.2d 905, 908 (9th Cir. 1973); *Bolden v. Kansas City Southern Ry. Co.,*

---

[*] Honorable William G. East, United States District Judge, District of Oregon, sitting by designation.

1. In *Luque v. McLean* the California Supreme Court emphasized that "no case of this court has . . . required the plaintiff to prove that he was unaware of the defect. . . ." 8 Cal.3d 136, 142–43, 104 Cal.Rptr. 443, 447,

501 P.2d 1163, 1167 (1972). The court explained that:

The only form of plaintiff's negligence that is a defense to strict liability is that which consists in *voluntarily and unreasonably proceeding to encounter a known danger* . . . .

8 Cal.3d at 145, 104 Cal.Rptr. at 449–50, 501 P.2d at 1169–70.

*supra,* 468 F.2d 580; *Ratay v. Lincoln National Life Ins. Co.,* 378 F.2d 209 (3d Cir.), *cert. denied,* 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967). We also note that the portions of the instructions read shortly before the jury retires are critical. *Norfleet v. Isthmian Lines, Inc.,* 355 F.2d 359, 362 (2d Cir. 1966).

We hold, consistent with the state court in *Henderson,* that the instructions in this case require reversal. Taken as a whole, they were both erroneous and inconsistent.

Pollock also charges error in the refusal of the district court to instruct on section 3270 of the California Industrial Safety Orders, Title 8, Cal.Admin. Code (1972). The relevant portion of the safety order states:

> (b) Every permanent elevated location, where there is machinery, equipment, or material which is customarily operated or frequently repaired, serviced, adjusted, or otherwise handled shall be provided with a safe platform or maintenance runway. Access shall be by means of either fixed ladders or permanent ramps or stairways.

The district court held that the order "relates to building premises and areas, rooms, things of that kind, rather than to machines."

■ We are concerned that the distinction made by the district court between elevated locations upon machines themselves and locations which are portions of the building may not be consistent with the apparent purpose of the order: to protect from injury employees regularly required to perform duties at heights. We have been unable to locate any California case law interpreting section 3270 or its predecessor. In the absence of any state interpretation of this safety order, deference ordinarily is given to the federal district judge sitting in the state who, for that reason, may be more familiar with state law.

> In diversity cases, where state law controls, we will not overrule the district court's interpretation of state law unless it is clearly wrong, particularly if the highest state court has not passed on the matter.

*Hurst v. Dare to be Great, Inc.,* 474 F.2d 483, 484 (9th Cir. 1973); *see Robinson v. United States,* 518 F.2d 1105, 1108 (9th Cir. 1975).

In light of our disposition of the prior issue in this case we need not now decide whether the district court's interpretation of section 3270 was clearly wrong. We are, however, troubled and invite the court upon remand to reconsider the issue with reference to the safety order applicable at the time of the accident, section 3262.

■ Finally, Pollock contends that the district court erroneously instructed on the issue of "alteration" of the machine. The instructions on alteration given before the jury retired may have lacked clarity, but when considered in conjunction with those given later in response to juror inquiries, they appear to have covered the substantive law correctly. *Thompson v. Package Machinery Co.,* 22 Cal.App.3d 188, 99 Cal.Rptr. 281 (1971). Pollock incorrectly contends that the jury should have been instructed as a matter of law that there was no alteration of the molding machine. On the contrary, the existence of an alteration, its foreseeability and its causative role were all disputed facts and the instruction properly allowed the jury to decide the issues.

REVERSED AND REMANDED.