**Geraldine STAFFORD, Appellee,**

v.

**SOUTHERN FARM BUREAU CASUAL- TY INSURANCE COMPANY, Appellant.**

**No. 71-1495.**

United States Court of Appeals, Eighth Circuit.

March 20, 1972.

Sam Laser and Ralph R. Wilson, Cockrill, Laser, McGehee, Sharp & Boswell, Little Rock, Ark., on brief for appellant.

Mike Huckabay, Gentry & Huckabay, Little Rock, Ark., on brief for appellee.

Before MATTHES, Chief Judge, LAY and ROSS, Circuit Judges.

PER CURIAM.

In this diversity action plaintiff recovered a judgment against the defendant under the uninsured motorist provision of an insurance policy. The policy concededly was in force and effect on the day plaintiff was injured while riding as a passenger in her husband's automobile.

The jury's verdict for $50,000 was properly reduced by the district court to $10,000, the limit of liability under the policy. In its post-trial order reducing the amount of the award, the court stated in part:

> "Defendant did not have a case and was totally unreasonable, arbitrary and capricious in its failure to even offer to settle with plaintiff within the limits of the policy, and were it in this Court's power, under the laws of Arkansas, to affirm the jury's verdict of $50,000 it would. Sadly, it cannot."

The court imposed a penalty of $1,200 and allowed a $2,500 attorney fee authorized by Arkansas Stat.Ann. § 66–3238. Judgment was entered for a total of $13,700.

On this appeal, the defendant submits two contentions of error: (1) submission of the issue of aggravation of a pre-existing physical condition; (2) failure to instruct the jury under Arkansas Model Instruction (AMI) 2203 in its entirety.

We find both contentions void of any substance and affirm.

As to contention No. 1, the evidence viewed in the light most favorable to plaintiff fully warranted giving the instruction which permitted the jury to consider whether the injury sustained by plaintiff in the automobile collision activated a pre-existing disease from which plaintiff had been suffering. The second contention also must be rejected because the court was not duty bound to follow AMI 2203. The court was required to and did fully and properly instruct upon all elements of the case in light of the controlling Arkansas law.

Plaintiff has requested this court to allow an attorney fee for services rendered on appeal. Arkansas Stat.

Ann. § 66–3238 authorizes taxation of an attorney fee under appropriate conditions, "by the court where the same is heard on original action, *by appeal* or otherwise. . . ." (Emphasis supplied.) Inasmuch as we are convinced that this appeal borders on the frivolous, we conclude that plaintiff should be allowed an additional attorney fee of $500. The judgment is modified by adding $500 thereto, and as modified, is affirmed.