515 P.2d 1189

**Josephine SHAYA, Appellant,**

v.

**Charles PETZOLDT, Appellee.**

**No. 2 CA–CIV 1411.**

Court of Appeals of Arizona,
Division 2.

Nov. 15, 1973.

Ramon R. Alvarez, Douglas, for appellant.

Mesch, Marquez & Rothschild by Alfred C. Marquez, Tucson, for appellee.

## OPINION

HOWARD, Judge.

This is an appeal from a judgment entered for the appellee, who was the defendant in this action. Appellant, the mother of Dennis Shaya, instituted this action for the wrongful death of her son.

Appellant's son was killed when the car driven by appellee went out of control and overturned. Both the decedent and appellee had been drinking heavily prior to the accident.

Appellant raises three questions for us to consider on this appeal. The first two we will consider together. Was there sufficient evidence presented to warrant giving the jury an instruction on assumption of risk and contributory negligence? We hold that there was. Facts introduced at trial indicate that the defendant, the decedent and two other boys left a beer bust in a state of intoxication. Before leaving defendant was asked within the decedent's presence whether he should drive. Upon leaving the defendant proceeded on a dirt road at 65–70 m. p. h. Prior to the accident they met a car going in the opposite direction with which they almost collided

and nothing was said to appellee. Appellee and the decedent had their arms around each other just prior to the accident. These facts are enough to submit to the jury the questions of contributory negligence and assumption of risk.

■ Appellant's final contention is that the following instructions on contributory negligence and assumption of risk violated Article 18, § 5 of the Arizona Constitution, A.R.S.:[1]

"If the conduct of both the decedent and the defendant was negligent; and if the negligent conduct of each considered separately was a proximate cause of the accident, it is immaterial who was more negligent. In such a case, the *plaintiff should not recover*." (Emphasis added)

"One of the defenses in this case is that the decedent assumed the risk of the injury and his death. As to this defense, the defendant had the burden of proving that the plaintiff assumed the risk. If you find that the decedent assumed the risk in such a case, the *plaintiff should not recover*." (Emphasis added)

The courts of this state have approved instructions concerning contributory negligence which include the language that the "verdict must be for the defendant." Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970); Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962). It is axiomatic that if a verdict "should" be for the defendant, then it "should not" be for the plaintiff. Because the word "should" is conditional the phrase "should not" is also conditional. We therefore hold that the challenged instructions did not "peremptorily require the jury to follow such instructions", Heimke v. Munoz, supra, and did not violate the constitutional provision.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

1. Article 18, § 5 states:
"The defense of contributory negligence or of assumption of risk shall, in all cases

whatsoever, be a question of fact and shall, at all times, be left to the jury."