**Atkin F. SELTZER and Helen Seltzer, his wife, Plaintiffs-Appellants,**

v.

**William W. CHESLEY, Jr., as Special Administrator of the Estate of Linda Joyce Berryhill, Deceased, et al., Defendants-Appellees.**

No. 73–2786.

United States Court of Appeals, Ninth Circuit.

March 3, 1975.

Richard E. Skousen (argued) Mesa, Ariz., for plaintiffs-appellants.

Michael A. Beale (argued) Phoenix, Ariz., for defendants-appellees.

## OPINION

Before BARNES and SNEED, Circuit Judges, and MILLER,* Judge, U. S. Court of Customs and Patent Appeals.

MILLER, Judge.

This appeal is from a judgment of the United States District Court for the District of Arizona in favor of defendants-appellees in a diversity action brought by plaintiffs-appellants to recover for personal injuries suffered in an automobile accident in 1969. We affirm.

## THE CASE

Plaintiffs-appellants instituted this action in the Superior Court of the State of Arizona in and for the County of Maricopa to recover damages for personal injuries resulting from collision of

---

* The Honorable Jack R. Miller, Judge United States Court of Customs and Patent Appeals, sitting by designation.

their automobile with one driven by Linda Joyce Berryhill and owned by Adrian Berryhill and Gladys Berryhill. The action was removed by defendants to the District Court for the District of Arizona and tried before a jury. At the close of plaintiffs' case, motion was made for a directed verdict in favor of Adrian Berryhill and Gladys Berryhill on the ground that no liability had been established under the family purpose doctrine. The trial judge reserved ruling on the motion until both sides had rested, at which time the motion was granted, leaving for the jury the case against defendant Linda Joyce Berryhill.

Pertinent portions of the instructions to the jury are set forth below:

Don't single out any one thing I may say as stating the law, but consider my instructions as a whole.

. . . . .

Now the defendant [Linda Joyce Berryhill] here claims as a defense that even if you should find that she was negligent in the operation of her automobile, the claim then is that the plaintiff was likewise negligent, guilty of contributory negligence. Now whether or not the plaintiff was so contributorily negligent is to be determined by you under the same rules as I have given you already with reference to the question of negligence and proximate cause.

Contributory negligence then is negligence on the part of the plaintiff which, combining with the negligence of the defendant, contributes in proximately causing the injury to the plaintiff.

If the conduct of both plaintiff and defendant was negligent and if the negligence of each, considered separately, was a proximate cause of the accident, then in such a case the plaintiff *should not* recover.

. . . . .

On the other hand, if you should unanimously find from a preponderance of the evidence in the case, that the plaintiff was guilty of some contributory negligence and that plaintiffs' fault contributed as a proximate cause of any injuries which plaintiffs may have sustained, you will not then be concerned with the issue as to damages, but *will* return a verdict for the defendant.

And so if you find that the plaintiffs were negligent and that such negligence contributed as a proximate cause, your verdict *should be* for the defendant.

Contributory negligence then is negligence which, co-operating in some degree with the negligence of another, contributes in proximately causing the accident. The one who is contributorily negligent *should not* recover from another no matter how negligent the other may have been.

. . . . .

If you find that Atkin Seltzer was negligent, then such negligence, under the law, is imputed to his wife, Helen Seltzer, and she *may not* recover from the defendant in that event; in other words, she *cannot* recover in the event Mr. Seltzer was contributorily negligent or was the sole cause of the accident. [Emphasis supplied.]

Appellants' counsel objected to the judge's instructions on the ground that they contained the mandatory terms "will" and "cannot" in discussing contributory negligence; whereas Arizona law requires the permissive term "should." Counsel also stated that he felt the error could not be corrected without emphasizing contributory negligence to the jury.[1] Thereafter the trial judge instructed the jury:

Ladies and gentlemen, in the course of my instructions with you in connection with the question of contributory negligence, I may have made a mis-

---

1. This first objection made appellants' position sufficiently clear to avoid any need to repeat the objection. Union Pacific R.R. v. Owens, 142 F.2d 145 (9th Cir.), cert. denied, 323 U.S. 740, 65 S.Ct. 57, 89 L.Ed. 593 (1944).

statement as to what the law is in the State of Arizona.

I should have said to you that if you find that Mr. Seltzer was contributorily negligent, then you *should not—should not* find a verdict for Mrs. Seltzer. [Emphasis supplied.]

Appellants' counsel again objected on the ground that the corrected instruction omitted the instruction of proximate cause. Thereafter the trial judge instructed the jury as follows:

In connection with the instruction on contributory negligence, it is necessary, of course, that if you find there was contributory negligence, that you further find that that contributory negligence was the *proximate* cause of the injuries—a proximate cause of the injuries. And so if you find that there was contributory negligence and that that contributory negligence proximately caused the injury, then you would not find, or you *should not,* rather, I should say, under the Arizona law, you *should not* find a verdict for Mrs. Seltzer. [Emphasis supplied.]

The jury returned a verdict for defendant Linda Joyce Berryhill, and judgment was entered in favor of all appellees.

Appellants contend that the trial judge committed incurable error requiring an automatic mistrial when he gave the jury mandatory instructions on contributory negligence ("will return a verdict for the defendant" and "cannot recover in the event Mr. Seltzer was contributorily negligent"), rather than the permissive instructions required by Arizona law ("should find for the defendant"). Error is also asserted for unduly emphasizing contributory negligence to the jury because of the two curative instructions. Finally, appellants argue that the evidence viewed most favorably

to them adequately supports the application of the family purpose doctrine to this case; that, therefore, the trial judge erred in directing a verdict for defendant Linda Joyce Berryhill's parents.[2]

## OPINION

### Arizona Law

The Constitution of Arizona, Article XVIII, § 5, A.R.S., contains a rather unusual provision which appears to have its only counterpart in Article XXIII, § 6 of the Oklahoma Constitution:

The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury.

Under this provision, the jury has not only the right to determine the facts, but also to apply or not apply, as it sees fit, the law of contributory negligence as a defense. Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970); Arizona Supreme Court: Contributory Negligence—Confusion Out of Compromise, 13 Ariz.L. Rev. 556 (1971). A mandatory charge on contributory negligence is "fundamentally defective." Chavez v. Pima County, 107 Ariz. 358, 488 P.2d 978 (1971). It is such a fundamental error that it is not waived by failure to object. Bland v. Bock, 8 Ariz.App. 97, 443 P.2d 704 (1968). The proper charge is permissive, employing a word such as "should." Purchase v. Mardian Construction Co., 21 Ariz. App. 435, 520 P.2d 529 (1974).[3]

Appellants have cited no case and we have discovered none, holding that a mandatory instruction on contributory negligence under Arizona law is an incurable error requiring an automatic mistrial. However, appellants argue that the following statement in *Heimke*

---

**2.** Appellants' argument that Arizona decisions upholding imputed contributory negligence of a husband-driver to wife-passenger should be abrogated was abandoned at oral argument.

**3.** It follows that if a verdict "should" be for the defendant, then it "should not" be for the

plaintiff. Because the word "should" is conditional, the phrase "should not" is also conditional. Shaya v. Petzoldt, 21 Ariz.App. 91, 515 P.2d 1189 (1973). With regard to the trial court's use of the term "should not," appellants assert no error, presumably in view of *Shaya.*

suggests that an automatic mistrial is required:

> At the conclusion of the court's instructions to the jury, counsel for plaintiffs[4] indicated to the court that he did not know how the instruction could now be corrected but that he wished to renew his objection. Counsel for defendant then suggested that the instruction be repeated in a corrected form; to which plaintiffs stated that this would only emphasize that particular aspect of the litigation. We think it sufficient to say that a party cannot be put to a choice of two evils, neither of which is of his making. We do not find a waiver of the error under these circumstances.

In that case, which involved an automobile collision, the plaintiffs refused to let the trial judge read the corrected instruction, and the defendant argued that this constituted waiver of the right to claim error on appeal. Although the court found no waiver, the important point is that the corrected instruction was never given to the jury. Thus, the jury was sent out for deliberations with the incorrect instruction, leaving the Supreme Court of Arizona no choice but to reverse. Accordingly, the statement regarding "choice of two evils" is dictum at most. See Kelch v. Courson, 7 Ariz. App. 365, 439 P.2d 528 (1968), where the court indicated that, if proper objection had been made to the contributory negligence charge, the trial court would presumably have corrected any errors in the form of the instruction.

### Applicability of Federal Procedural Rules and Law

The U. S. Supreme Court has made it clear that under the *Erie* doctrine[5] state law is not controlling over the Federal Rules of Civil Procedure. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).[6] Accordingly, state law is not controlling on matters covered by Rule 51.[7] 5A Moore's Federal Practice, ¶ 51.04 n 3. Federal courts also follow their own rules, regardless of state legislation and practice, in the *manner* and *method* of giving instructions to the jury. Wright & Miller, Federal Practice and Procedure: Civil § 2555. Thus, the Eighth Circuit, in Stafford v. Southern Farm Bureau Casualty Ins. Co., 457 F.2d 366 (1972), held that the trial judge was not bound to follow a particular Arkansas Model Instruction; that he was only required to properly instruct the jury on all elements of the case in light of controlling Arkansas law. In the context of a trial judge's refusal to give a requested instruction, that court stated that how an instruction is to be given or conveyed is a procedural matter which is for the federal trial judge. County of Todd v. Loegering, 297 F.2d 470, 480–81 (8th Cir. 1961). See also Palmer v. Miller, 145 F.2d 926 (8th Cir. 1944), where the court said that "[t]he question [of reiterating statements on burden of proof] is one relating to federal procedure and is not controlled by state decisions." The Seventh Circuit, in Odekirk v. Sears Roebuck & Co., 274 F.2d 441 (1960), rejected the contention in a diversity case that

**4.** Counsel for plaintiffs-appellants in *Heimke* and the instant case are identical.

**5.** Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**6.** In a previous case the Court held that Rule 3 was *not applicable* and that a Kansas statute, requiring service of a summons on a defendant to commence an action, controlled. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). However, in *Hanna*, the Court said (at 470, 85 S.Ct. at 1143): "The *Erie* rule has never been invoked to void a Federal Rule."

**7.** Rule 51 provides:

> At the close of the evidence or at such earlier time during the trial as the court

> reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court *shall instruct the jury* after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury. [Emphasis supplied.]

Illinois law was controlling on the manner of instructing the jury on burden of proof and held that federal procedural rules controlled. The Second, Sixth, and Tenth Circuits have stated that the granting or denial of instructions in diversity cases is controlled by federal laws and federal rules. McNamara v. Dionne, 298 F.2d 352 (2d Cir. 1962); Lones v. Detroit, Toledo and Ironton R.R., 398 F.2d 914 (6th Cir. 1968); Smith v. Mill Creek Court, Inc., 457 F.2d 589 (10th Cir. 1972).[8].

■ We are persuaded by the foregoing authorities and hold that federal procedural rules and law control the manner and method of instructing the jury in federal courts.

*Were the Trial Judge's Erroneous Instructions on Contributory Negligence Cured by His Subsequent Instructions?*

■ In Mercer v. Theriot, 377 U.S. 152, 84 S.Ct. 1157, 12 L.Ed.2d 206 (1964), the Supreme Court held that certain erroneous instructions of the trial judge on circumstantial evidence were corrected by a specific and subsequent curative instruction in response to an objection. This underscores the purpose of Rule 51 of the Federal Rules of Civil Procedure, which is to give trial judges an opportunity to correct their instructions. Cosper v. Southern Pacific Co., 298 F.2d 102 (9th Cir. 1961).

■ Erroneous instructions can be corrected by the trial judge only by expressly correcting them and by directing the members of the jury to expunge the erroneous statements from their minds. Puget Sound Navigation Co. v. Nelson, 59 F.2d 697, 700 (9th Cir. 1932); Cummings v. Pennsylvania R.R., 45 F.2d 152, 153 (2nd Cir. 1930). The correction must be clear and specific. Hansen v. St. Joseph Fuel Oil & Mfg. Co., 181 F.2d 880

(8th Cir.), cert. denied, 340 U.S. 865, 71 S.Ct. 89, 95 L.Ed. 633 (1950). See United Verde Copper Co. v. Jordan, 14 F.2d 299 (9th Cir.), cert. denied, 273 U.S. 734, 47 S.Ct. 243, 71 L.Ed. 865 (1926); Seaboard Airline R.R. v. Bailey, 190 F.2d 812 (5th Cir. 1951); Keller v. Brooklyn Bus Corp., 128 F.2d 510 (2d Cir. 1942); Patterson Transfer Co. v. Schlugleit, 252 F. 359 (6th Cir. 1918).

■ It is well settled that instructions must be considered as a whole. Russo-Chinese Bank v. National Bank of Commerce, 241 U.S. 403, 415, 36 S.Ct. 652, 60 L.Ed. 1065 (1916); New York, Lake Erie & Western R.R. v. Estill, 147 U.S. 591, 614, 13 S.Ct. 444, 37 L.Ed. 292 (1893); Spring Co. v. Edgar, 99 U.S. 645, 659, 25 L.Ed. 487 (1879); Sweet Milk Co. v. Stanfield, 353 F.2d 811 (9th Cir. 1965). However, erroneous instructions are not cured by correct instructions in other portions of the main charge because the jury may be misled. Schroble v. Lehigh Valley R.R., 62 F.2d 993, 996 (2d Cir. 1933); Louisville & N. R.R. v. Johnson, 81 F. 679, 681 (7th Cir. 1897). Although the trial judge has discretion regarding emphasis on instructions, Flintkote Co. v. Lysfjord, 246 F.2d 368, 389 (9th Cir.), cert. denied, 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957), undue emphasis may constitute reversible error. Grill v. Manuel, 488 F.2d 799, 802 (9th Cir. 1973); Flentie v. American Community Stores Corp., 389 F.2d 80, 83 (8th Cir. 1968); White Auto Stores v. Reyes, 223 F.2d 298, 305 (10th Cir. 1955). And curative instructions must not emphasize the error. Moreau v. Pennsylvania R.R., 166 F.2d 543, 545 (3rd Cir. 1948); Baer Bros. Land & Cattle Co. v. Palmer, 158 F.2d 278, 281 (10th Cir. 1946); Chicago, B. & Q. R.R. v. Kelley, 74 F.2d 80, 84–85 (8th Cir. 1934).

■ In the case before us, the initial instructions employed the proper permis-

---

**8.** The Tenth Circuit, in Basham v. City Bus Co., 219 F.2d 547 (1955) went so far as to hold that the counterpart provision in the Oklahoma Constitution was not controlling in federal court trials. The Supreme Court itself has held that Article XVIII, § 5 of the Arizona Constitution is not binding on federal courts sitting in Arizona with respect to granting a directed verdict for defendants. Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857 (1931).

sive term "should," but they also used the improper terms "will" and "cannot," which rendered them erroneous under the substantive law of the Arizona Constitution. The jury could have been misled or confused over whether contributory negligence was a mandatory or permissive consideration. Subsequently, the trial judge specifically called the jury's attention to the error and to the correct law of the State of Arizona. He distinctly and particularly pointed out what the law was and, in our opinion, left no doubt in the minds of the members of the jury on that point. Clear and unmistakable words were used in his curative instructions, and the error itself was not repeated or emphasized.

■■■■ Accordingly, we hold that the trial judge's erroneous instructions were properly and effectively cured. To follow appellants' advocacy of a rule of absolute incurability of an erroneous instruction on contributory negligence would not only frustrate the purpose of Rule 51 of the Federal Rules of Civil Procedure, but would also diminish the integrity of the federal jury trial system.

■■■■ Further, we are not persuaded that the curative instructions of the trial judge unduly emphasized contributory negligence to the jury. The first curative instruction, although necessary to properly state the Arizona law, was concise in pointing out the error in one sentence and correcting it in another. The second curative instruction was also concise and repeated the correct statement on contributory negligence merely in the context of an instruction on proximate cause, the instruction having been requested by appellants. It may be observed that there is no requirement that a charge on proximate cause accompany each charge on contributory negligence. Bass v. Dehner, 103 F.2d 28, 35 (10th Cir.), cert. denied, 308 U.S. 580, 60 S.Ct. 100 84 L.Ed. 486 (1939). Considering the instructions as a whole as they were finally presented to the jury, we find no error.

*Family Purpose Doctrine*

■■■ The remaining contention of appellants is that the trial judge erred in directing a verdict in favor of the defendant-driver's parents on the basis that the defendant-driver's parents were entitled to judgment as a matter of law under the family purpose doctrine. That doctrine places derivative liability upon a family head who controls the use of or furnishes an automobile to a member of the family. Pesqueira [sic] v. Talbot, 7 Ariz.App. 476, 441 P.2d 73 (1968). However, in the absence of primary liability, there can be no derivative liability. Thus, the propriety of the directed verdict has been rendered moot by our affirmance of the judgment of no primary liability.

The judgment of the district court is affirmed.

Affirmed.