Mildred F. HOUSTON and M. C. Houston, Plaintiffs-Appellants,

v.

Wayne HERRING, Individually, et al., Defendants,

Jay Buchbinder Industries, Defendant-Appellee.

No. 75–3847.

United States Court of Appeals, Fifth Circuit.

Nov. 4, 1977.

John L. Hunter, Arvis V. Cumbest, Pascagoula, Miss., for plaintiffs-appellants.

John M. Roach, Joel W. Howell, III, Jackson, Miss., for defendants.

Before COLEMAN and TJOFLAT, Circuit Judges, and RUSSELL,* District Judge.

PER CURIAM:

Appellant brought this diversity action to recover for damages sustained when she tripped over the tubular bar connecting a table and bench at a McDonald's hamburger franchise in Pascagoula, Mississippi. All defendants save the manufacturer of the table unit were dismissed. Judgment for the defendant was entered on a jury verdict. Appellant complains that the trial court erred in granting defendant's instructions 6, 7, 8 and 10,[1] stating that if plaintiffs failed to prove negligence on the part of defendant the jury must enter a verdict for defendant.

■ The manner of giving instructions is a procedural matter which is controlled by federal decisions, not state law. *Seltzer v. Chesley*, 512 F.2d 1030 (9th Cir. 1975). In reviewing the trial court's instructions to the jury, we must consider the charge as a whole. There is no harmful error if the charge in general correctly instructs, even if one portion is technically incorrect. *Troutman v. Southern Ry. Co.*, 441 F.2d 586 (5th Cir. 1971). However, erroneous instructions are not cured by correct instructions in other portions of the charge when "the charge leaves us with substantial and ineradicable doubt whether the jury has

---

* Of the Southern District of Mississippi, sitting by designation.

1. The pertinent parts of these instructions, to each of which appropriate objection was made below are:

    6. If . . . the Plaintiffs have failed to prove their charges of negligence against the defendants by a preponderance of the credible evidence in this case, then it is your sworn duty to return a verdict for the Defendant. . . .

    7. The Court instructs the Jury for the Defendant, Jay Buchbinder Industries, that you may not, under the law, decide this case upon mere guess, surmise or suspicion that the Plaintiffs may have sustained the injuries as a result of some negligence on the part of the Defendants, but the law requires the Plaintiffs to prove by a preponderance of the credible evidence in this case that the injuries, if any you find, were proximately caused by the negligence of the Defendants in this case, and *unless the Plaintiffs have proved, by a preponderance of the credible evidence in this case, that their injuries, if any you find, were proximately caused by the negligence of the Defendants, it is your sworn duty to return*

    a verdict for the Defendant, Jay Buchbinder Industries.

    8. The Court instructs the jury for the Defendant, Jay Buchbinder Industries, that the burden is on the Plaintiffs to prove by a preponderance of the evidence that the Plaintiffs have suffered damages in this case as a result of the negligence of the Defendants, and such negligence, if any, cannot be established by mere surmise, conjecture or speculation, but must be established with reasonable probabilities, *and if you believe from the evidence or from the lack of evidence that the damage sustained by the Plaintiffs was not due to the negligence of the Defendant, Jay Buchbinder Industries, but to some other cause, then you should find for the Defendant, Jay Buchbinder Industries.*

    10. [E]ven if you should find from the evidence that the Defendants were guilty of negligence which proximately contributed to the accident in question, then *you may award damages to the Plaintiffs only for the actual damage suffered by the Plaintiffs as a result of any negligence of the Defendant, Jay Buchbinder Industries.* . . .

been properly guided in its deliberations." *Kyzar v. Vale Do Ri Doce Navegacai, S. A.,* 464 F.2d 285, 290 (5th Cir. 1972), *cert. denied,* 410 U.S. 929, 93 S.Ct. 1367, 35 L.Ed.2d 591 (1973). *See also Seltzer v. Chesley, supra* at 1035; *Fitch v. Missouri-Kansas-Texas Transportation Co.,* 441 F.2d 1 (5th Cir. 1971). "The test is not whether the charge was faultless in every particular but whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine those issues." *Borel v. Fibreboard Paper Products Corp.,* 493 F.2d 1076, 1100 (5th Cir. 1973).

The four instructions that appellant complains of emphatically and erroneously required a finding of negligence as a prerequisite to a verdict in her favor. Even though appellants' instructions on the theory of strict liability in tort were also submitted to the jury, the two theories of recovery are similar, and the jury may well have thought that strict liability would not lie unless a defective article was negligently engendered. These conflicting instructions created sufficient opportunity for jury confusion that a new trial must be granted.

REVERSED and REMANDED.