Robert K. WRIGHT, Plaintiff-Appellee,

v.

ALBUQUERQUE AUTO–TRUCK STOP PLAZA, INC., a corporation, d/b/a Gallup Auto-Truck Plaza, Defendant-Appellant.

No. 78–1014.

United States Court of Appeals, Tenth Circuit.

Argued Oct. 23, 1978.

Decided Jan. 22, 1979.

Ronald F. Ederer, El Paso, Tex. (Ken Cullen, Albuquerque, N. M. and Arthur A. Abraham, El Paso, Tex., on the brief), for plaintiff-appellee.

J. Duke Thornton, Albuquerque, N. M. (Carlos G. Martinez; Shaffer, Butt, Jones, Thornton & Dines, P. C., Albuquerque, N. M., on the brief), for defendant-appellant.

Before SETH, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a personal injury action with jurisdiction based on diversity. Robert Wright, the plaintiff, was seriously injured when the tow truck in which he was riding as a passenger overturned on Interstate 40 near Gallup, New Mexico. At the time of the accident the tow truck was being driven by plaintiff's cousin, one Lanny Wright. The tow truck was owned by the Albuquerque Auto-Truck Stop Plaza, Inc., doing business as Gallup Auto-Truck Plaza, in Gallup, New Mexico. Both plaintiff and Lanny Wright were employees of Auto-Truck.

Although plaintiff was "off duty" at the time of the accident, the issue of whether Lanny Wright was "on duty" at the time of the accident and acting within the scope of his employment was in dispute. It was plaintiff's theory that Lanny Wright was on duty at the time of the accident and was acting within the scope of his employment. It was Auto-Truck's theory, however, that Lanny Wright at the time of the accident was off duty and was on a personal venture of his own.

Robert Wright, the plaintiff, brought suit against both Auto-Truck and Lanny Wright. Plaintiff alleged that he was injured as a result of Lanny Wright's negligent operation of the tow truck, and that Auto-Truck was vicariously liable for the actions of its employee Lanny Wright. Plaintiff alternatively alleged that Auto-Truck was directly negligent in allowing Lanny Wright access to the company's tow truck and in not investigating Lanny Wright's previous driving record.

Trial of the case was to a jury, with the jury returning a verdict in the amount of $200,000 against both defendants, i. e., Auto-Truck and Lanny Wright. Auto-Truck alone appeals.

Shortly prior to trial, and again during trial, Auto-Truck moved to dismiss the action on the ground that Blue Cross-Blue Shield, having paid certain medical and hospital expenses incurred by the plaintiff, was an indispensable party, and not having been joined, the action must be dismissed. This request was denied, and such ruling is perhaps the principal ground urged here for a reversal. Under the circumstances disclosed by the record before us we find no error in this ruling by the trial court.

Although in a diversity action the "interest" of an "outside party" may involve state law, the rule relating to joinder of persons needed for just adjudication is a rule of procedure and, therefore, federal

law is applicable in determining which parties are, in fact, indispensable. *Provident Tradesmens Bank v. Patterson,* 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Federal Resources Corp. v. Shoni Uranium Corp.,* 408 F.2d 875 (10th Cir. 1969). There is nothing in the instant case to indicate that plaintiff assigned any part of his claim to Blue Cross-Blue Shield. The latter, however, apparently did pay a part of plaintiff's medical and hospital expense, and we shall assume that by so doing Blue Cross-Blue Shield was, under New Mexico law, partially subrogated to the rights of the plaintiff. In this regard it should be noted that the plaintiff made claim against the two defendants for much more than mere medical and hospital expenses, claiming substantial damages for pain and suffering, permanent injury, loss of wages and the like.

Where an insured has been reimbursed for only a part of his loss by his insurer, we have held that either the insured or the insurer may institute an action against the tortfeasor. *Public Serv. Co. of Oklahoma v. Black & Veatch,* 467 F.2d 1143 (10th Cir. 1972). In such circumstance, the action instituted by an insured is not subject to dismissal because of the failure to join the insurer as a party, though the latter may be joined upon timely motion. Accordingly, the trial court did not err in refusing to dismiss the action simply because the plaintiff had not joined Blue Cross-Blue Shield as a party plaintiff. Under the circumstances Blue Cross-Blue Shield was not an indispensable party. See *United States v. Aetna Surety Co.,* 338 U.S. 366 at 382 n. 19, 70 S.Ct. 207, 94 L.Ed. 171 (1949).

The other ground primarily relied on for reversal is the failure of the trial court to fully instruct on the meaning of the phrase "scope of employment." Under the circumstances, any possible error in this regard is, in our view, only harmless error which does not necessitate a reversal.

We do agree that "scope of employment" was one of the issues in the case. As above mentioned, it was Auto-Truck's theory that in going to claim a stalled vehicle, Lanny Wright was acting outside the scope of his employment and that the ill-fated trip was in fact for the sole personal benefit of Lanny Wright. The evidence on this matter was in conflict.

The trial court in its instructions did advise the jury that Auto-Truck, by way of defense, denied that Lanny Wright, at the time of the accident, was acting within the scope of his employment as a "servant" of Auto-Truck. The jury was further instructed that if it found that Lanny Wright was *not* acting within the scope of his employment, then Auto-Truck was not liable for any negligent actions on the part of Lanny Wright. The trial court then proceeded to instruct the jury as to the meaning of the term "master and servant." Viewed as a whole, we believe the jury was adequately instructed on this phase of the case. Actually the tendered instruction defining "scope of employment" did not really add much. Opposing counsel in closing argument fully covered the issue. There was no prejudicial error in the trial court's failure to give the tendered instruction.

Though state law determines the substance of a jury instruction in a diversity action, the granting or denial of tendered instructions is a matter of procedure and is therefore controlled by federal law. *Chavez v. Sears, Roebuck and Co.,* 525 F.2d 827, 830 n. 2 (10th Cir. 1975); *Hopkins v. Metcalf,* 435 F.2d 123, 124 (10th Cir. 1970). This rule has been applied where the state involved had adopted model jury instructions. *Stafford v. Southern Farm Bureau Cas. Ins. Co.,* 457 F.2d 366 (10th Cir. 1972). See also in this latter connection *Seltzer v. Chesley,* 512 F.2d 1030, 1034 (9th Cir. 1975). Additionally, the question of whether an incorrect instruction given in a diversity action is prejudicially erroneous is also a procedural one requiring application of federal law. *Pollock v. Koehring Co.,* 540 F.2d 425, 426 (9th Cir. 1976).

The other matter urged as ground for reversal does not merit extended comment. The state of the record required

submission to the jury of the related questions of primary negligence and contributory negligence. Neither posed a question of law. Further, the fact that during the course of the trial it was discovered that two jurors were staying in the same hotel as plaintiff did not, standing alone, dictate a mistrial. There was nothing to indicate any communication between the jurors and the plaintiff, and all were under strict orders not to initiate any conversation.

Judgment affirmed.