772 F.2d 907
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VERNON J. LUDWIG, PLAINTIFF-APPELLANT,
v.
KELLER INDUSTRIES, INC., DEFENDANT-APPELLEE.
 NO. 84-5358
 United States Court of Appeals, Sixth Circuit.
 8/7/85
 
 1
 W.D.Ky.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KENNEDY and KEITH, Circuit Judges; and DOWD, District Judge*.
 
 
 3
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Vernon J. Ludwig brings this appeal from the jury verdict in this products liability case where the jury found in favor of the defendant-appellee, Keller Industries, Inc. The appellant fell from a ladder manufactured by the appellee and was injured. The key issue at trial was whether the fall was caused by the defective and dangerous design of the ladder or through the appellant's contributory negligence in using a damaged ladder and/or attempting a dangerous maneuver while on the ladder. The sole issue on appeal is whether the court's instruction to the jury on contributory negligence constitutes reversible error.
 
 
 5
 Prior to the fall, Ludwig was using two ladders, a six foot ladder and an eight foot ladder. He stood on the six foot ladder while the other ladder was placed at an angle next to the first ladder. Ludwig testified that the six foot ladder was in good condition prior to the fall. The fall occurred when he reached from the six foot ladder to the eight foot ladder in order to step onto the eight foot ladder. He testified the ladder upon which he was standing gave way and the fall resulted.
 
 
 6
 The appellant's expert, McIntosh, testified that the dangerous design of the six foot ladder caused a weight supporting rivet to shear or break. The sheared rivet, fostered by bad design, caused the fall. The appellee's expert, Ver Halen, testified the ladder was in a danagerous condition before the accident. Markings on the aluminum surface and around one of the rivet holes in the top cap of the ladder indicated one rivet was missing prior to the accident. Further, examination of a crack on the right side rail of the ladder indicated the crack was present prior to the accident. The defense also showed there was a sign on the ladder advising against climbing from one ladder to another.
 
 The questioned instruction stated:
 
 7
 Now as to the substance of the case, you are instructed that you will find for the plaintiff, Vernon--you are instructed that if you believe from the evidence that the ladder used by Mr. Ludwig and manufactured by Keller Industries was defectively designed, that that defect existed at the time it left the possession of Keller Industries and that by reason of such defective design, the ladder was unreasonably dangerous for use by Mr. Ludwig and that the defective design was a substantial factor in causing his injuries, then you should return a verdict for the plaintiff unless you believe from the evidence that the defendant--that the plaintiff, Vernon J. Ludwig, knew or should have known that the ladder concerning which you heard evidence, was in a dangerous condition prior to the use of same at the time and place regardless of how the ladder got into that condition, and that knowing this, he used or continued to use the ladder, thereby causing his fall and injury or that he continued to use the ladder after he became aware of the dangerous condition of it as a result of which that condition caused his fall and alleged injury or that he failed to use ordinary care for his own safety in the use of the ladder.
 
 
 8
 The critical inquiry, even if there is an ambiguous statement in the instruction, is whether the instruction as a whole provides the jury with sufficient guidance concerning the issues to be tried. Teal v. E.I. DuPont DeNemours and Co., 728 F.2d 799 (6th Cir. 1984); Van Cleef v. Aeroflex Corp., 657 F.2d 1094 (9th Cir. 1981). In a diversity action, state law determines the substance of the instructions given and Federal Rules of Civil Procedure control the manner and method of instructing the jury in federal courts. Wright v. Farmers Co-op of Arkansas and Oklahoma, 620 F.2d 694 (8th Cir. 1980); Wright v. Albuquerque Auto-Truck Stop Plaza, Inc., 591 F.2d 585 (10th Cir. 1979); Reyes v. Wyeth Laboratories, 498 F.2d 1264, 1289 (5th Cir.), cert. denied, 419 U.S. 1096 (1974).
 
 
 9
 In viewing the district court's instruction on contributory negligence, it is clear the appellant's contentions are without merit. The applicable law on contributory negligence in Kentucky at the time of trial is embodied in KRS 411.320(3) which states:
 
 
 10
 In any product liability action, if the plaintiff failed to exercise ordinary care in the circumstances in his use of the product, and such failure was a substantial cause of the occurrence that caused injury or damage to the plaintiff, the defendant shall not be liable whether or not said defendant was at fault or the product was defective.
 
 
 11
 A comparison of the above statute with the instruction reveals the instructions properly informed the jury of the applicable law. The argument that the instruction is argumentative and unbalanced is without merit. While the instruction is somewhat repetitive, it is not so defective as to mislead the jury.
 
 
 12
 The appellant also argues that the instruction violates the Kentucky rule on instructions set forth in Cox v. Cooper, 510 S.W.2d 530 (Ky. 1974). He is making an argument concerning the form and manner in which the instructions were given. Thus, federal law governs, not Kentucky law. Van Cleef v. Aeroflex Corp., supra. The district court's instruction accurately reflected Kentucky substantive law and gave sufficient guidance to the jury on the issue tried.
 
 
 13
 Finally, the appellant argues the evidence was insufficient to support an instruction on dangerous condition. This argument is without merit. The appellee's expert, Ver Halen, testified the fracture in the right front rail of the ladder and detachment of one rivet in the top cap occurred prior to the accident. The crack would have been visible to the user of the ladder. Ver Halen concluded the ladder was in a dangerous condition prior to the accident. Consequently, there was sufficient evidence to support an instruction on dangerous condition.
 
 
 14
 Accordingly, it is ORDERED that the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, U.S. District Judge for the Northern District of Ohio, sitting by designation