935 F.2d 273
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Henry DeLARA, Plaintiff-Appellant,
v.
SAFEWAY STORES, INC., United Food & Commercial Workers
Union, Local 1442, United Food and Commercial
Workers International Union, AFL-CIO,
CLC, Defendants-Appellees.
 
 Nos. 88-5752, 89-55938.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1991.*
Decided June 5, 1991.
 Before TANG, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTS
 
 2
 Henry DeLara, a grocery checker at Safeway stores, was discharged for taking and consuming Snickers candy bars.[1] DeLara contacted the United Food and Commercial Workers International Union, AFL-CIO (the Union), and during the following months, the Union conducted a thorough investigation into the events surrounding his dismissal. The Union concluded that the matter should not proceed to arbitration and accepted a settlement offer from Safeway on DeLara's behalf.[2]
 
 
 3
 Dissatisfied with the Union's investigation and decision not to pursue arbitration, DeLara filed suit in district court against the Union for breach of its duty of fair representation, and against Safeway for wrongful termination. The jury found in favor of both the Union and Safeway.
 
 DISCUSSION
 
 4
 DeLara argues on appeal that five of the jury instructions concerning the Union's duty of representation were erroneous: numbers 28, 29, 37, 38, and 39.[3] Provided that jury instructions do not misstate the law, we review their formulation by the district court under an abuse of discretion standard. United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985).
 
 Jury Instruction # 28[4]
 
 5
 DeLara argues that the second sentence of instruction # 28 states, "[t]o comply with the duty of fair representation the Union must conduct some minimal investigation of the merits of the grievance." However, the jury instruction actually given by the district court uses the term "reasonable", not "minimal". Moreover, we have stated that "a union's duty includes some minimal investigation and preparation of employee grievances, the thoroughness of which depends on the given case." Johnson v. United States Postal Service, 756 F.2d 1461, 1465 (9th Cir.1985) (emphasis added). Thus, even if the instruction had used the word "minimal" in place of "reasonable" it would have been adequate. The instruction was not erroneous.
 
 Jury Instruction # 29[5]
 
 6
 DeLara next alleges that the use of the word "perfunctory" in jury instruction # 29 was erroneous because it suggested to the jury that the Union's duty would be satisfied merely be performing a non-perfunctory investigation. However, a reading of the instruction in context does not suggest that a non-perfunctory investigation would have necessarily satisfied the Union's duty or that the union was bound by no other requirements. While it is true that unions meet one requirement if the investigations they perform are more than perfunctory, Johnson, 756 F.2d at 1465 (unions "may not ignore a meritorious grievance or process it perfunctorily"), they are subject to other requirements as well. The other requirements were discussed in other instructions, including numbers 27, 31, and 35.[6] The instructions read as a whole properly informed the jury that the Union was not only required to conduct the investigation in a non-perfunctory manner, but also had a duty to act in good faith and to refrain from acting in a discriminatory or arbitrary manner.
 
 Jury Instructions # 37 & # 38[7]
 
 7
 DeLara next asserts that jury instructions # 37 and # 38 were prejudicially repetitive. A trial court has broad discretion as to whether to emphasize, to repeat, or not to repeat certain propositions. Seltzer v. Chesley, 512 F.2d 1030, 1035 (9th Cir.1975); Flintkote Company v. Lysfjord, 246 F.2d 368, 389 (9th Cir.), cert. denied, 355 U.S. 835 (1957). DeLara has made no showing that these instructions were in any way prejudicial.
 
 Jury Instruction # 39[8]
 
 8
 DeLara is correct that this instruction erroneously used the terms "intentional" and "invidious" to define arbitrary conduct. However, the error was cured by the very next instruction, which correctly stated that "[c]onduct is arbitrary where there is no rational or reasoned basis to justify it or where the conduct occurs with reckless disregard for the rights of the employee." Thus, if instruction 39 led the jury to believe that arbitrariness requires deliberate conduct, the more specific definition of "arbitrary" in the next instruction corrected the false impression. Moreover, the Union conducted a solid investigation of DeLara's case. The investigation far exceeded the low threshold of non-perfunctoriness we deem sufficient. Because the overwhelming weight of the evidence favored the Union's position, even if the error in instruction number 39 had not been cured by the subsequent instruction, we would find that it was harmless.
 
 ALLOCATION OF COSTS
 
 9
 Finally, DeLara argues that the district court improperly allocated the cost of the reporter's transcript to him. The costs "incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, ... shall be taxed in the district court." Fed.R.App.P. 39(e); Volkswagenwerk Aktiengesellschaft v. Church, 413 F.2d 1126, 1128 (9th Cir.1969). The district court determined that the transcript was necessary to determine prejudicial error, and consequently allocated the cost to the appellant.
 
 
 10
 Based on a review of the facts, it is clear that the Appellees, Safeway and the Union, required the entire record, including the reporter's transcript. Our review of the jury instructions necessarily compelled an examination of the record as a whole to determine whether any errors would be harmless. Therefore, the district court did not abuse its discretion in determining that the record was necessary or that DeLara should bear the cost of the transcript.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument pursuant to Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Safeway has a "no-grazing" policy--a strictly enforced rule under which any employee who takes store merchandise, no matter how small its value, will be discharged. This policy is posted for employees to read, and in addition, employees must sign documents acknowledging that they understand the policy
 
 
 [2]
 The settlement consisted of a voluntary termination plus two thousand dollars
 
 
 [3]
 The parties disagreed as to the numbering system which should be employed when referring to the jury instructions. DeLara contended that the instructions should be referred to as Nos. 30-34, and the Union and Safeway devised a different numbering system. The numbering method used by the Union and Safeway will be employed throughout this discussion
 
 
 [4]
 Jury instruction # 28 read: "The Union was not required to unquestioningly accept or reject either plaintiff's or Safeway's version of the events. To comply with the duty of fair representation the Union must conduct some reasonable investigation of the merits of the grievance. The thoroughness with which the Union must investigate varies with the circumstances of each case." (Emphasis added)
 
 
 [5]
 Jury instruction # 29 read: "Plaintiff alleges that the Union's investigation of his grievance was inadequate to the point of being perfunctory. 'Perfunctory' in this context means an investigation which is superficial and incomplete."
 
 
 [6]
 Jury instruction # 27 stated that the Union could not refuse to arbitrate the grievance without good reason or because of personal dislike of DeLara
 Jury instruction # 31 stated that the Union must "serve the interests of all members of the Union without hostility or discrimination toward any and to exercise its discretion with complete good faith and honesty to avoid arbitrary conduct."
 Jury instruction # 35 required the Union to "independently and objectively evaluate the merits of the grievance in a good faith and nonarbitrary manner."
 
 
 [7]
 Instruction # 37 stated: "In order to establish a breach of the duty of fair representation, Plaintiff must prove that the Union's conduct was more than merely negligent."
 Instruction # 38 stated: "It is not enough that the representation of the employee by the Union may be considered incompetent or that the Union representatives were guilty of poor judgment, laxity or negligence. Such conduct, by itself, would not constitute a breach of the duty of fair representation."
 
 
 [8]
 Jury instruction # 39 stated: "To prove arbitrary or discriminatory treatment, the plaintiff must show that the union's conduct was intentional, invidious and directed at that particular employee."
 Citing Hargrave v. Wellman, 276 F.2d 948, 951 (9th Cir.1960), Safeway argues that DeLara cannot complain about this instruction because he himself requested an instruction that equated arbitrariness with deliberateness. However, DeLara's requested instruction stated that liability could be shown by a showing of deliberate action or a reckless disregard of his rights. Unlike instruction 39, it did not require deliberateness.