**Harry W. LOW, as Commissioner of Insurance for the State of California and as conservator, liquidator, and rehabilitator of Executive Life Insurance Company, Plaintiff—Appellee,**

**National Organization Of Life And Health Insurance Guaranty Associations, et al., Intervenors—Appellants,**

v.

**ALTUS FINANCE S.A., a corporation organized under French law, Defendant,**

and

**CDR Enterprises, a corporation organized under French law, et al., Defendants—Appellees.**

No. 01–56619.
D.C. No. CV–99–02829–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Aug. 19, 2002.

---

1. Appellant's June 20, 2002 motion is granted. The Clerk shall file the reply brief received June 20, 2002.

Before NOONAN, WARDLAW and BERZON, Circuit Judges.

MEMORANDUM *

The National Organization of Life and Health Insurance Guaranty Associations and the California Health Insurance Guarantee Association ("NOLHGA") appeal the district court's denial of a motion to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). We reverse and remand. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

■ To intervene under Rule 24(a), NOLHGA must show that: (1) the application is timely; (2) it has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) its interest may not be adequately represented by the parties before the court. *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810, 817–18 (9th Cir.2001) (citing *Northwest Forest Resource Council v. Glickman,* 82 F.3d 825, 836 (9th Cir. 1996)).

■ 1. The district court erred in finding NOLHGA's application untimely. It mistakenly looked to the date when NOLHGA became aware of the fraud, rather than to the date when NOLHGA knew or should have known that its interests were not being adequately represented. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) (citing *League of United Latin American Citizens v. Wilson,* 131 F.3d 1297, 1304 (9th Cir.1997)). When evaluating timeliness, a court should consider the following: "(1) the stage of the proceeding at which the applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reasons for and length of the delay." *Tocher v. Santa Ana,* 219

F.3d 1040, 1044 (9th Cir.2000) (quoting *United States ex rel. Killingsworth v. Northrop Corp.,* 25 F.3d 715, 719 (9th Cir. 1994)). An application of these factors to this case demonstrates that the motion to intervene was timely. Even though the original complaint in this matter was filed over three years ago, the district court has made no factual findings, there have been no summary judgment proceedings, discovery is in its early stages with no set cut-off date, and there is no trial date.

In addition, NOLHGA seeks to intervene solely to present evidence on damages, so its intervention is unlikely to prejudice the defendants. The Commissioner already has argued that if not for the defendants' fraud, another and more profitable plan for disposing of Executive Life and its bond portfolio would have been adopted. Undoubtedly, the defendants have anticipated that the NOLHGA proposal might be presented as one of the potential alternatives that could have been adopted.

Finally, NOLHGA had legitimate reasons for not moving to intervene sooner. All parties agree that NOLHGA could not bring suit itself because the Commissioner had exclusive prosecutorial jurisdiction under California law. *See* Cal. Ins.Code § 1037(f). In addition, NOLHGA and the Commissioner signed a joint prosecution agreement, so NOLHGA had every expectation that it would be adequately represented.

Furthermore, there is a presumption that the government will adequately represent a party's interests. *United States v. Carpenter,* 298 F.3d 1122, at 1125 (9th Cir.2002). Precisely because of this presumption, a party's motion to intervene is timely even when intervention is sought at

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

a late stage in the proceeding, as long as the party seeking intervention files an intervention motion in a timely manner once on notice that the government representation is inadequate. *Id.* at 1125–1126. In Carpenter, this Court allowed intervention during the settlement process, eighteen months after the filing of the complaint, despite potential prejudice, because it was only at that juncture that the party seeking intervention was aware of the government's inadequate representation. *See id.* Similarly, NOLHGA only had reason to doubt the adequacy of the Commissioner's representation after three years, when the Commissioner still had not presented a theory as to damages and the district court had expressed concerns about the Commissioner's ability to prove damages. Therefore, NOLHGA's motion is timely.

 2. NOLHGA has a significantly protectable interest that might be affected by a disposition in the case. A significantly protectable interest requires an interest protectable under some law and a relationship between the legally protected interest and the claims at issue in the lawsuit. *Northwest Forest Resource Council,* 82 F.3d at 837 (citing *Sierra Club v. EPA,* 995 F.2d 1478, 1484 (9th Cir.1993)). NOLHGA has a significantly protectable interest because it incurred a loss as a result of the Executive Life insolvency and is legally entitled to recover for that loss as a creditor of the estate.

If the Commissioner obtains a larger recovery in the underlying lawsuit, NOLHGA stands to recover more of its claims paid to policyholders affected by the Executive Life insolvency. Thus, any disposition in this case will affect NOLHGA not because of some indirect economic impact but directly, by enhancing its legally enforceable right to payment.

3. NOLHGA has sufficiently shown that the Commissioner may not adequately represent its interests. Although the Commissioner and NOLHGA's interests appear aligned, NOLHGA need show only that its interests *might* not be represented, not that its interests are, in fact, not being adequately represented. *See Southwest Center,* 268 F.3d at 817–18 (citing *Northwest Forest Resource Council,* 82 F.3d at 836). NOLHGA has raised a legitimate concern that the Commissioner may be reluctant to offer NOLHGA's theory as to damages or any other damages theory based on a possible "bonds in" rehabilitation approach, whether because of a conflict between NOLHGA and the Commissioner during the rehabilitation process or for some other reason. Whether this concern turns out to be justified or not, it meets the minimal threshold required under Rule 24.

4. Finally, the district court erred by suggesting that California Insurance Code § 1037 impacts NOLHGA's intervention. Federal Rules of Civil Procedure, such as Rule 24, are considered procedural for *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), purposes. *See Hanna v. Plumer,* 380 U.S. 460, 473–74, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Seltzer v. Chesley,* 512 F.2d 1030, 1034 (9th Cir.1975). A decision concerning intervention under Rule 24 is, therefore, not affected by state law governing intervention. Additionally, nothing in California Insurance Code § 1037 expressly prohibits intervention. Allowing intervention here seems especially reasonable given that NOLHGA is seeking to intervene only to present evidence related to damages and not for any other purpose, including approval or rejection of settlement offers.

On remand, the district court should permit NOLHGA's intervention as of right for the limited purpose for which NOLH-

GA seeks intervention, presenting evidence on damages.

REVERSED AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36–3.