NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER ADAM PHANPRADITH, | No.    19-17371 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04094-JJT |
| v. | |
| BENJAMIN GRIEGO, Assistant Warden at CCA Saguaro Correctional Center; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| CORRECTIONS CORPORATION OF AMERICA, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted March 2, 2021[**]
Phoenix, Arizona

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BEA and BUMATAY, Circuit Judges, and CARDONE,[***] District Judge.

Inmate Christopher Phanpradith appeals from the district court's grant of summary judgment in favor of Saguaro Correctional Center ("SCC") officials on his due process claim, in which he argues that SCC officials deprived him of certain prison-issued property, including hygiene products and a mattress. He also appeals several of the district court's rulings during the trial on his Eighth Amendment claim. We review summary judgment de novo, and the district court's trial decisions for abuse of discretion. *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Hilao v. Estate of Marcos*, 103 F.3d 767, 782 (9th Cir. 1996); *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014); *United States v. Hankey*, 203 F.3d 1160, 1166 (9th Cir. 2000). We affirm.

1. To establish a procedural due process claim, a plaintiff must first show a property interest protected by the United States Constitution. *Wedges/Ledges of California, Inc. v. City of Phoenix*, 23 F.3d 56, 62 (9th Cir. 1994). Such protected interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Paul v. Davis*, 424 U.S. 693, 709 (1976) (internal citation omitted).

---

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Phanpradith argues that SCC Policy 10-1.4(I) provides him with a property interest in the items of which he was deprived, but that policy only states that an inmate may, for safety reasons, be denied items such as linens or pillows. This policy does not create a property interest. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (holding that a benefit is not a protected interest if government officials have discretion to grant or deny it); *cf. Rizzo v. Dawson*, 778 F.2d 527, 531 n.3 (9th Cir. 1985) (holding that a prison's procedural requirements could create a protected interest if the procedures are intended to be a significant substantive restriction on decision-making, but not if they offer no "substantive restriction on the prison authorities' discretion").

Phanpradith's references to other policies, such as SCC Policies 15-1 and 10-1, are similarly unavailing. SCC Policy 15-1 sets forth the prison's offense and penalty code, and SCC Policy 10-1 sets forth the procedures governing disciplinary segregation. But Phanpradith identifies no language in these policies purporting to create a property interest. At most, these policies list the items that an inmate is permitted to keep during disciplinary segregation, such as undershirts and socks. Regardless, "a state agency's violations of its own internal rules not otherwise constitutionally required would not give rise to a due process violation." *Bilbrey v. Brown*, 738 F.2d 1462, 1471 (9th Cir. 1984). Because Phanpradith has not

established a constitutionally protected property interest, we affirm the district court's grant of summary judgment on this claim.

2. The district court did not abuse its discretion in excluding certain testimony of inmate Kirk Lankford regarding Defendant Assistant Warden Ben Griego. "As long as it appears from the record as a whole that the trial judge adequately weighed the probative value and prejudicial effect of proffered evidence before [admitting or excluding it], we conclude that the demands of [Federal] Rule [of Evidence] 403 have been met." *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (simplified). That is what happened here. The district court adequately explained that under Rule 403, Lankford's proffered testimony was temporally and factually unrelated to the issues at trial, and the prejudicial effect was "incendiary." The district court also ruled that the testimony was inadmissible extrinsic evidence under Federal Rule of Evidence 608(b). Reviewing this evidentiary exclusion with "considerable deference," we find no abuse of discretion. *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000) (internal citation omitted).

3. The district court also did not abuse its discretion by denying Phanpradith's proposed additional jury instruction regarding his Eighth Amendment claim. The district court used a jury instruction, to which the parties stipulated, that largely mirrored the Ninth Circuit's model jury instructions. When instructing the jury, a district court enjoys wide discretion on when to emphasize statements of law. *Seltzer*

4

*v. Chesley*, 512 F.2d 1030, 1035 (9th Cir. 1975). The district court found Phanpradith's additional instruction to be incomplete and redundant. Because the district court instructed the jury accurately on the law, it did not abuse its discretion by refusing a repetitive and therefore unneeded instruction.

4. Phanpradith lastly argues that the district court abused its discretion when it bifurcated the issues of *liability* for punitive damages and the *amount* of punitive damages. A district court may bifurcate proceedings for convenience or to avoid prejudice. Fed. R. Civ. P. 42(b). Accordingly, we have recognized that district courts have "broad discretion to try the liability phase first." *M2 Software, Inc., v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005). The district court bifurcated the trial after Phanpradith attempted to introduce evidence about a prison official's income before he had established liability for punitive damages. For Eighth Amendment claims, punitive damages are available if the defendant's conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (internal citation omitted). This is an inquiry distinct from the financial evidence needed to determine the amount of punitive damages. Such financial evidence could be confusing to the jury without establishing entitlement to punitive damages in the first instance. The district court therefore did not abuse its discretion by requiring that Phanpradith first prove liability for punitive damages.

5

**AFFIRMED.**